SUGAR PRODUCTS CO. *v.* UNITED STATES. (No. 2030).[1]

CONSTRUCTION, PARAGRAPH M, SECTION III, TARIFF ACT OF 1913—EFFECT OF PAYING APPRAISEMENT APPEAL FEE LATER THAN DIRECTED.

Paragraph M, Section III, tariff act of 1913, provides that an appeal to reappraisement "shall be deemed to be finally abandoned and waived unless within two days from the date of filing thereof the person who filed such notice shall deposit with the collector of customs a fee of $1 for each entry." This provision is mandatory, and the action of the Board of General Appraisers in dismissing such appeals for the reason that the fees were paid later than the prescribed two days is approved.

United States Court of Customs Appeals, November 23, 1920.

APPEAL from Board of United States General Appraisers, G. A. 8322 (T. D. 38272).

[Affirmed.]

*Sharretts, Coe & Hillis* for appellant.
*Bert Hanson,* Assistant Attorney General, for the United States.

[Oral argument Nov. 5, 1920, by Mr. Sharretts and Mr. Hanson.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The conceded facts in this case are that importer, at the time it entered the goods, certified, pursuant to the statute and regulations,

---

[1] T. D. 38549 (38 Treas. Dec., 745).

that the entered value was higher than the foreign market value, and that it so entered the goods to meet advances of the appraiser in similar cases then pending on appeal for reappraisement.    Thereafter the appraiser appraised' the importations at such entered value. Within the statutory period of 10 days after such appraisal importer gave notice of appeal for reappraisement as provided in paragraph M of section III, but did not deposit the fee of $1 for each entry as therein provided within two days from the date of giving said notice. In some instances it was deposited within three days, and in others five days after the notice of appeal was given.

The collector thereafter forwarded the invoices and papers to the Board of General Appraisers, and in due course the same came to General Appraiser Waite sitting in reappraisement proceedings.    The Government seasonably moved to dismiss the appeal on the ground that the general appraiser was without jurisdiction to hear and determine the same, for that the prescribed fee of $1 was not deposited within the two days allowed therefor by the statute.    The fact so appearing, the general appraiser granted the motion, noting in each of his decisions—

The fee was not paid in time, as required by statute. The appeal is therefore dismissed.

Thereafter, and in due course, importer appealed from each of Judge Waite's decisions to re-reappraisement by a board of three general appraisers.

When the case came before that board, it appearing that the $1 fee had not been paid, as before stated, the board likewise, and for the same reason, dismissed the appeal.    The invoices and papers were thereupon returned to the collector who liquidated the entry and assessed duty upon the appraised value.    This liquidation the importer protested, and in due course the protest came before a classification board of general appraisers, which overruled the same.    The importer appeals to this court.

Paragraph M, section III, of the act of 1913 contains the applicable statutory provisions.    Omitting the parts thereof that are unnecessary for the disposition of this case, it is provided therein—

If the collector shall deem the appraisement of any imported merchandise too low, he may, within sixty days thereafter, appeal to reappraisement, which shall be made by one of the the general appraisers, or, if the importer, owner, agent, or consignee of such merchandise shall deem the appraisement thereof too high, and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise, he may within ten days thereafter appeal for reappraisement, by giving notice thereof to the collector in writing.    Such appeal shall be deemed to be finally abandoned and waived unless within two days from the date of filing thereof the person who filed such notice shall deposit with the collector of customs a fee of $1 for each entry.

The only question here is whether the failure to deposit the fee of $1 for each entry with the collector within the prescribed two days deprives importer of a right of reappraisement.

Counsel for importer with much learning and ingenuity argues in substance that the provision for the deposit is directory as to time, and that therefore the $1 may be paid any time before reappraisement is actually had. From which he concludes that the single general appraiser, the board of three, the classification board, and the collector have all erred, and asks that the judgment of the latter board be reversed, the liquidation of the collector set aside, and the papers in the case returned to a single general appraiser for a legal appraisement.

We do not agree with the interpretation which the importer places upon the quoted part of paragraph M.

Thereunder an appeal is taken by giving the prescribed written notice to the collector. But the statute does not stop there. It provides what shall happen to an appeal if a deposit of $1 for each entry is not made with the collector within two days from the date of filing the notice with him. It declares that in such an event "such appeal shall be deemed to be finally abandoned and waived." Language could hardly be more explicit or certain. It is really immaterial whether we regard the giving of the notice as constituting the appeal or as a preliminary step thereto to be supplemented and perfected by the deposit. In either view, the provision is mandatory that "unless within two days" the deposit is made, "such appeal shall be deemed to be finally abandoned and waived." If deemed abandoned and waived there is no pending appeal. The real status of the matter is the same as if the notice had not been given.

Nor is this inconsistent with importer's theory as to the legislative intent in enacting the provision under consideration, concerning which counsel argues that Congress intended thereby to discourage frivolous appeals, the taking of which serves to congest the files of the Board of General Appraisers, and that requiring the deposit was for the purpose of evidencing the good faith of an importer in taking an appeal. We are unable to see how, if the interpretation of the statute claimed by the importer be sustained, this purpose is accomplished. If all that an importer is required to do is to give his notice and then deposit the fee any time before the appeal comes on for hearing, it is clear that in many instances a long time would elapse between the taking of such an appeal and the manifestation of the importer's good faith in taking it. Indeed, no one but the importer could know whether the appeal was taken in good faith until it came on for hearing before the proper tribunal.

The importer invokes a rule of construction stated in his brief as follows:

Provisions of this kind are not regarded a [as] mandatory as to time, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated—

citing, among others, the case of French v. Edwards (80 U. S., 506) as supporting the doctrine.

Reference to the case shows that the provisions to which the court alluded were those—

Intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual.

This statement of the court was intended only as the assertion of a general rule of construction, and was not applied in the case cited. The statute there under review charged upon an officer, selling property in satisfaction of a tax levy or judgment, certain duties which the court held were for the protection of the taxpayer and mandatory. The statute here under consideration imposes certain obligations upon the taxpayer himself, and provides what shall be the consequences of his failure to perform the same.

Other cases are cited in support of other legal propositions claimed by importer to be relevant to the issues here, but we think they are not sufficiently analogous to be regarded as applicable.

General Appraiser Brown, in his concurring opinion, referred to the case of United States v. Goldenberg (168 U. S., 95) construing the customs statute of 1890, providing for appeals from the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise.

The Supreme Court in that case pointed out that the statute did not require the protested charges to be paid within 10 days after liquidation, although it did provide that the notice of appeal must be given within that period, and after discussion said—

Under these circumstances all that can be determined is that Congress has not specifically provided that payment shall be made within ten days as one of the conditions of challenging the action of the collector, and hence there is no warrant for enforcing any such condition. . .

To us the obvious inference from this opinion is that if the statute had provided a specific time for payment, or had, as in this case, declared that if the payment was not made within a specific time the appeal should be deemed as waived and abandoned, a different conclusion would have been reached.

We regard the provision of the statute that unless the deposit for each entry is made within the two days the appeal shall be abandoned and waived as mandatory, and that in any subsequent proceedings

attempted in such a case no other course is open than to so regard the alleged appeal. That has been done in this case.

As the Board of General Appraisers, in disposing of the matter, well said:

The limits of time within which the appeal must be filed and the deposit of the fee made are. definite limitations of the statute which no judicial tribunal may extend (citing authorities). To pretend to do so would be in effect to usurp the legislative functions of the Congress.

And to this it may well be added that to ignore this express declaration of congressional will would be either to regard the same as meaningless or to deliberately deprive it of effect.

The result is that the judgment of the Board of General Appraisers is *affirmed*.