80 U.S. 506 (____)
13 Wall. 506
FRENCH
v.
EDWARDS ET AL.
Supreme Court of United States.

*510 Mr. Eugene Casserly, in support of the ruling below.
Mr. S.O. Houghton (briefs of Mr. D. Lake and Mr. J. Reynolds being filed), contra, for the plaintiff in error.
*511 Mr. Justice FIELD having stated the case, delivered the opinion of the court, as follows:
There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such generally are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise.
These positions will be found illustrated in numerous cases scattered through the reports of the courts of England and of this country. They are cited in Sedgwick's Treatise on Statutory and Constitutional Law,[] and in Cooley's Treatise on Constitutional Limitations.[]
Tested by them the sale of the sheriff in the case before us cannot be upheld. The provision of the statute, that he *512 shall only sell the smallest quantity of the property which any purchaser will take and pay the judgment and costs, is intended for the protection of the taxpayer. It is almost the only security afforded him against the sacrifice of his property in his absence, even though the assessment be irregular and the tax illegal. The proceedings in the actions for delinquent taxes are, as against absent or unknown owners, generally ex parte, and judgments usually follow upon the production of the delinquent list of the county showing an unpaid tax against the property described. Constructive service of the process in such actions by posting or publication is all that is required to give the court jurisdiction; and the delinquent list certified by the county auditor is made primâ facie evidence to prove the assessment upon the property, the delinquency, the amount of taxes due and unpaid, and that all the forms of law in relation to the assessment and levy of such taxes have been complied with. When the owner of the property is absent and no appearance is made for him, this primâ facie evidence is conclusive, and judgment follows as a matter of course. From the sale which ensues no redemption is permitted unless made within six months afterwards, except in the case of minors and persons laboring under some legal disability.
It is evident from this brief statement of the character of the proceedings and of the evidence permitted in these actions for delinquent taxes, that the provision in question is of the utmost importance to non-resident or absent taxpayers, and that in many cases it affords the only security they have against a confiscation of their property under the forms of law.
It is plain to us, upon a consideration of the different statutes of California upon this subject, that whilst the legislature of that State intended to prevent by the strictest proceedings the possibility of any property escaping its proportional burden of taxation, it also intended by the provision in question to guard against a wanton sacrifice of the property of the taxpayer.
In the present case, real property situated near the second *513 city in size of California, and the capital of the State, extending one-half a mile along the river Sacramento, and running back one mile, was sold, according to the recitals of the deed, in one body, for less than one-twentieth of its assessed value. It is hardly credible that a less portion than the whole of this large tract would not have been readily accepted and the judgment and costs, amounting to only one hundred and fifty-five dollars and forty cents, been paid, had any opportunity to take less than the entire tract been afforded to purchasers. Be this, however, as it may, it was incumbent upon the officer to afford such opportunity, and not to offer the whole tract at once to the highest bidder.
By the laws of Georgia, of 1790 and 1791, the collector of taxes in that State was authorized to sell the land of the delinquent only on the deficiency of personal estate, and then only so much thereof as would pay the amount of the taxes due, with costs. In Stead's Executors v. Course,[*] which came before this court, it appeared that a sale was made under these laws of an entire tract of four hundred and fifty acres, without specifying the amount of taxes actually due for which the land was liable; and the court said, Mr. Chief Justice Marshall delivering its opinion, that the sale ought to have been of so much of the land as would satisfy the tax in arrear; and if the whole tract was sold when a smaller part would have been sufficient, the collector exceeded his authority; and a plea founded upon the supposed validity of the title conferred by the sale could not be sustained.
By a law of New Hampshire, in force in 1843, it was provided that so much of the delinquent taxpayer's estate should be sold as would pay the taxes and incidental charges. In Ainsworth v. Dean,[] which came before the Supreme Court of that State, it appeared that a fifty-acre lot was offered and sold in one body, and the court held the sale to be void, observing that no regard appeared to have been paid to the provision mentioned in the statute, and that no reason was given why the law was not complied with, "if, *514 indeed, any reason could be considered as sufficient." A similar decision was made by the Supreme Court of Maine upon a similar clause in one of the statutes of that State.[*] And numerous analogous adjudications will be found in the reports.[] They all proceed on the principle stated by the Supreme Court of Michigan, that "what the law requires to be done for the protection of the taxpayer is mandatory, and cannot be regarded as directory merely."[]
But it is contended that inasmuch as the sale in the present case was had under a decree of a court, the same presumptions must be indulged to sustain the action of the sheriff that would be entertained to uphold ordinary sales made by him under execution; and that he is not to be held to the same strictness in his proceedings that he would be if he had acted without the decree, solely under the statute. And several cases are cited from the reports of the Supreme Court of California, showing that all reasonable presumptions are indulged in support of sales on execution, and that such sales are not rendered invalid by reason of a want of conformity to statutory provisions as to the time, notice, and in some particulars, manner of the sale.[§]
But the obvious answer to this position is, that here there is no room for presumptions. The officer recites in his deed the manner in which he sold the property, and from the recitals it appears that the sale was made in conformity with directions which the statute, applicable to the case, in effect declares shall not govern sales upon judgments for delinquent taxes. Presumptions are not indulged to sustain irregular proceedings of this character, when the irregularity is manifest. Presumptions are indulged to supply the place of that which is not apparent, not to give a new character to that which is seen to be defective. The courses prescribed for the officer in the conduct of sales upon ordinary *515 judgments under the act of 1851, and upon judgments for delinquent taxes under the act of 1861, are entirely unlike, and usually lead to different results. The general authority of the officer in judicial sales under the act of 1851, in the exercise of which he has a large discretion, is limited and defined when applied to sales under judgments for delinquent taxes, by the provision declaring that the sheriff in selling the property assessed "shall only sell the smallest quantity that any purchaser will take, and pay the judgment and all costs"  language which imports a negative upon a sale in any other way. The fact that in some cases no purchaser at the sale may, perhaps, be willing to take less than the whole property and pay that amount, does not dispense with the duty of the officer to comply with the law.
It is also contended that the recitals in the deed were not required, and therefore do not vitiate the deed, but the cases cited fail to support the position as broadly as here stated. They only show that a defective or erroneous recital of the execution, under which a sheriff has acted, will not vitiate his deed if the execution be sufficiently identified. Every deed executed under a power must refer to the power. As an independent instrument of the holder of the power it would not convey the interest intended. The deed of a sheriff forms no exception to the rule. But it is not essential that the execution, or judgment under which he acted, should be set out in full, or that his proceedings on the sale should be detailed at length. It is sufficient if they be referred to with convenient certainty, and any misdescription not actually misleading the grantee would undoubtedly be considered immaterial. But if the manner in which the power is exercised is recited, it being a proper matter for recital, then the recital is evidence, not against strangers, but against the grantee and parties claiming under him. Thus, if a sheriff should refer in his deed to an execution issued to him, and recite that in obedience to it and the statute in such case provided, he had sold the property to the highest bidder, it would be presumed that he had done his duty in the premises, given the proper advertisement, and *516 made the sale at public auction in the proper manner. But if he should go farther and recite that he had sold the property, not at public auction, but at a private sale, the deed would be void on its face, the sale by auction being essential to a valid execution of the authority of the sheriff. The vendee, by accepting the conveyance with this solemn declaration of the officer as to the manner in which his power was exercised, would be estopped from denying that the fact was as recited.[*]
It is unnecessary to express an opinion whether in any case of a sale on a judgment for taxes under the special provision of the statute of California, any presumption can be indulged that the officer had complied with its directions when the fact does not affirmatively appear. It is sufficient that the recitals in his deed of what he did with respect to the sale under consideration show that these directions were disregarded by him in that case. It may also be added that the return of the officer corresponds with these recitals.
The objection to the bill of exceptions, that it does not purport to have been tendered and signed during the trial, is not tenable. It shows that the exceptions were taken at the trial, and that is sufficient. It is dated during the term, and was in fact filed before the judgment on the verdict was entered.
JUDGMENT REVERSED, AND THE CAUSE REMANDED FOR A NEW TRIAL.
Mr. Justice MILLER, dissenting.
I do not agree that when the State obtains a judgment on the taxes due her by regular proceedings in the courts, that the sale under that judgment is open to all the rigid rules which apply to tax sales made ex parte and without the aid of such judgment. The judgment in this case is not assailed by the court, and the sale under it is a judicial sale, and entitled to all the presumptions which the law makes in favor of a purchaser at such a sale.
*517 The law of California, while it required the sheriff to offer the smallest portion of the land which any one would take and pay the judgment and costs, undoubtedly contemplated that if no one would take any less than the whole of the land and pay the judgment and costs, that then it should be sold to the highest bidder. If this were not so, the State could not collect the taxes in half the cases, because the right of redemption left no inducement to bidders for a smaller amount than the whole.
It is, therefore, a fair presumption from the recital in the deed, that although the sheriff sold the land to the highest bidder, it was because no one would take less than the whole and pay the taxes and costs. And the recital that is made, as well as that which is omitted, are neither of them necessary to the validity of a deed made in a judicial sale.
NOTES
[] Pages 368-378.
[] Chap. iv, pp. 74-78.
[*] 4 Cranch, 403.
[] 1 Foster, 400.
[*] Loomis v. Pingree, 43 Maine, 311.
[] Blackwell on Tax-titles, xv, p. 286.
[] Clark v. Crane, 5 Michigan, 154.
[§] San Francisco v. Pixley, 21 California, 58; Blood v. Light, 38 Id. 649; Hunt v. Loucks, Id. 375.
[*] Robinson v. Hardcastle, 2 Term, 252; Jackson v. Robert's Executors, 11 Wendell, 427-435; Den v. Morse, 7 Halsted, 331.