# Mowbray & Robinson Company v. Kelley.

(Decided May 18, 1916.)

## Appeal from Perry Circuit Court.

1. **Pleading—Suit Upon Account.**—In a suit on an account where it is filed showing the various items composing it, it is not a sufficient denial for the adverse party to allege that the account is too large and that it should be a smaller named sum. His pleading should point out the items which he disputes and show why they are erroneously charged to him.

2. **Contracts—Pleading—Action for Breach of Contract for Employment.**—In order to recover for a breach of contract of employment, the pleader must show that he made reasonable efforts to obtain employment elsewhere, but failed, or if he did obtain such employment, to credit what he thus earned from what he would have earned under his contract, and this applies to the engagement of teams as well as personal employment.

3. **Contracts—Pleading—What Necessary to Show Breach of Contract.**—It is not sufficient to show a breach of contract to simply allege that it was the duty of the party under the contract to do certain things complained of. It should be charged that such other party stipulated and agreed in the contract to do the things complained of.

4. **Customs and Usages—Pleading.**—A local custom or usage relied upon as constituting a part of a contract must be pleaded before evidence of it may be admitted.

5. **Trial—Instructions.**—It is the duty of the court to instruct the jury upon each claim presented by the pleadings if there is sufficient evidence in law to support it.

SPENCER & MOFFETT and MILLER & WHEELER for appellant.

HOGG & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On April 4, 1913, the appellee, U. W. Kelley (defendant), contracted with the appellant, The Mowbray & Robinson Company (plaintiff), whereby he agreed to haul and skid, for the purpose of loading on tram-cars, a quantity of saw-logs, supposed to contain between 900,000 and 1,000,000 feet. He was to be paid for the hauling and skidding of the logs, the sum of $3.00 per 1,000 feet; and after hauling something like one-half thereof, he seems to have abandoned his contract, or at any rate he ceased to skid any more logs and this litigation followed.

To enable defendant to perform his contract, he purchased from the plaintiff a team, agreeing to pay therefor $216.50, for which he executed his note and a mortgage to secure it, on the team purchased and also on other property. During the progress of the work the plaintiff, as it had agreed to do in the contract, advanced to defendant the sum of $1,508.05, as it claims, and during the same time, the work which he had performed under his contract amounted to $1,404.97, making him indebted to the plaintiff in the sum of $103.08. It is also charged by plaintiff that, in various ways, it was damaged by defendant failing to comply with his contract, in the additional sum of $398.61, which items, together with the note, amount to $718.19; to recover which this suit was brought, and it was also sought to obtain a sale of the mortgaged property to secure the note. An attachment was obtained and levied on the mortgaged and other property. The answer did not deny the execution of the note, but claimed that it had been paid, and it also attempted to dispute the amount which the plaintiff had advanced to the defendant under the contract, alleging that the advancements which plaintiff made amounted to $984.94 instead of $1,508.05, as claimed by plaintiff. By way of counter-claim, it is contended by defendant that plaintiff failed and refused to keep the skids clear of logs, and that he was thereby prevented from filling his contract, and by reason of which he was damaged in the sum of $1,000.00; and furthermore, that on account of the defendant's failure to keep the skids clear of logs, his teams were idle some five or six weeks, during which time he expended the sum of $80.00 for feed, and because of all this, he sought to recover on his counter-claim from the plaintiff, the sum of $1,080.00. In addition, he alleged that the plaintiff had converted and appropriated to its own use, his tramway, which he claimed to have owned, and that this was of the reasonable value of $300.00; and he sought judgment against plaintiff for these various items. All these matters were put in issue by the reply, and upon trial the defendant was awarded judgment against the plaintiff in the sum of $308.58, and to correct errors claimed to have been committed, it prosecutes this appeal.

Inasmuch as we have concluded that the judgment is erroneous and must be reversed, we will refrain as much

as possible from discussing the evidence, in view of the fact that there must be a new trial.

The allegations of the defendant in his counter-claim by which he seeks to charge the various items constituting the damages which he claims, as well as that which denies the accuracy of plaintiff's account, altogether fail to comply with the rules of accurate pleading. The plaintiff filed with its petition an itemized statement showing each and all of the payments constituting the total sum of its account; but its correctness is sought to be assailed by defendant in this language: "He denies that the itemized statement of amount filed by the plaintiff in its amended petition is correct, or properly set forth the account between the plaintiffs and defendant, relating to said log job. * * * Said account does not state all of the credits to which he is entitled and charged him with items that he did not receive." Good pleading would require that he set forth the items which he claims were not allowed him as a credit on defendant's account, and to point out those which he claims were erroneously charged to him. Furthermore, in charging the alleged breach of plaintiff, in failing to remove the logs from the skids, the language in his pleading is: "He states that it was the duty of the plaintiff under said contract it made with him to remove the logs from the skids and give him room to haul and skid additional logs, until the hauling of said logs should be hauled and skidded." He nowhere alleges that it was a part of the agreement of the plaintiff to keep the skids clear of logs, nor does he attempt to aid this defective allegation by filing the contract or a copy of it with his pleading.

Clearly, according to all rules of pleading, he should have, in appropriate language, charged that his opponent, in the suit, had obligated himself to do certain things which he had failed to do. None of these inaccuracies were cured by the reply, nor were they cured by the verdict. Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18.

The contract was introduced in evidence and there is no stipulation in it, in any way, binding the plaintiff to keep the skids of the defendant clear of logs. On the contrary, it shows that the defendant contracted, in consideration of the price agreed to be paid to him by the plaintiff, to haul and skid the logs. It may be true that

it was the understanding that defendant should have only a reasonably sufficient quantity of skids constructed to take care of the logs, which he was required by the contract to place thereon each day (5,000 feet), and that plaintiff should remove them from the skids as fast as hauled by defendant, but there is nothing in the contract to show it, and if it was omitted therefrom either by fraud or mistake, the pleading should set out that fact. Or, if there was a universal and well known local custom or usage in that vicinity, of the characteristics required by the law, for the owner of the logs to keep the skids clear, this should be alleged in appropriate language; for, a local custom or usage may not be taken advantage of unless pleaded. Eagle Distilling Co. v. McFarland, 14 Ky. Law Rep., 860; 12 Cyc. 1097; Lindley v. First National Bank of Waterloo, 14 Am. St. Rep. 254; 2 L. R. A. 709; Hendrix v. W. G. Middlebrooks Co., 118 Ga. 131; Turner v. Fish, 28 Miss. 306; Mobile Fruit, Etc. Co. v. Judy, 91 Ill. App. 82; Anderson v. Rogge, 28 S. W. 106; Hastings First National Bank v. Farmers, Etc., 56 Neb. 149.

In regard to the $80.00 item alleged in the counter-claim, the language asserting it is also insufficient in that it fails to charge that during the time the teams of defendant were idle, he did not, or could not, procure other employment for the teams, which allegation is necessary under the well-established rules of pleading to enable him to recover for this.

Two hundred and fifty dollars of the total sum sued for is claimed by the plaintiff because it was compelled to, and did, expend that much more to get a part of the logs on the skids than it would have cost it if defendant had complied with his contract. There was proof upon this claim, and it was the duty of the court to have submitted it to the jury by an appropriate instruction. This, he failed to do, although plaintiff offered an instruction submitting it to the jury. If for no other reason, this error would compel us to reverse the judgment, because there can be no more prejudicial error committed by the trial court than a failure, upon request, to instruct the jury upon any matter presented by the pleadings and where there is testimony to support it.

In regard to the item of $300.00 claimed by defendant for the conversion of the tram-way, there is grave

doubt as to whether the evidence is sufficient to show a conversion and a consequent liability for its value, even conceding the defendant to be the owner of it. The substance of the proof is to the effect that the plaintiff used this tram-way for the purpose of getting its logs to the mill, after the defendant had ceased to work under his contract; and if it should turn out that this is all that it did, the most the defendant would be entitled to recover would be the value of the use of the tram-way during the time that plaintiff used it, plus the damage, if any, which it produced by using it. The tram-way is still there and the use of it by the plaintiff in the manner it did, and under the circumstances, is not to our minds sufficient to constitute a conversion of it.

Upon another trial, if the pleading should be amended so as to justify it, the court, in addition to the instruction submitting the question of conversion to the jury, should embody in that, or another one, the question of the damages sustained by defendant through the use of the tram-way by the plaintiff, if any, as indicated herein.

Judgment reversed for proceedings consistent with this opinion.