## Kitchner v. Commonwealth.

(Decided January 20, 1925.)

### Appeal from Boyd Circuit Court.

1. Courts—Clerk's Failure to Read Orders in Audible Voice Held Not to Affect their Validity.—Kentucky Statutes, section 378, providing that each day's proceedings shall be drawn up by clerk and read in audible voice, is directory, and failure so to read orders will not affect their validity.

2. Criminal Law—Whether Sales were Made Within Year Before Finding of Indictment Held for Jury.—Testimony fixing date of sales between May 3 and May 10, in response to question whether witness within twelve months before June 7, 1923, bought whiskey of defendant, held sufficient to make question of time of offense one for jury.

JAMES B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of selling intoxicating liquor and his punishment fixed at a fine of $100.00 and imprisonment for 60 days.

A reversal is asked on the ground that the clerk failed to read the orders and judgment in an audible voice before they were signed by the trial judge, as required by section 378, Kentucky Statutes, which reads as follows:

"The proceedings of each day shall be drawn up by the clerk from his minutes in a plain, legible manner, which, after being corrected as ordered by the court, and read in an audible voice, shall be signed by the presiding judge."

In general, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. 25 R. C. L. 769; French v. Edwards, 13 Wall. 506, 20 U. S. (L. Ed.) 702. The essential

requirements of the statute are that the proceedings shall be correctly transcribed by the clerk and signed by the presiding judge, and the words "and read in an audible voice," must be regarded as merely directory, with the result that a failure to read the orders in an audible voice will not affect their validity.

The further point is made that appellant's motion for a peremptory should have been sustained because the evidence failed to show that the alleged sales were made within one year before the finding of the indictment. The prosecuting witness testified as follows:

"I bought whiskey from him on several different occasions at the Economy Drug Store in Ashland, Kentucky—paid him fifty cents a drink for it, for red whiskey, and $2.00 for half a pint on one occasion, paid him fifty cents a drink, me and a couple of other agents visited this place and paid him fifty cents a drink for whiskey on several occasions at different times. We done the buying from the 3rd day of May up to the 10th, and we made the raids then on the 10th."

It may be conceded that this evidence alone was not sufficient to show that the purchases were made within one year before the finding of the indictment, but the record discloses that the answer was responsive to the following question: "If within twelve months before June 7th, the May term of this court, 1923, you bought any whiskey of the defendant, Jack Kitchner, and in Boyd county, Kentucky, tell the jury about it?" Therefore, the answer must be construed in the light of the question, and when thus construed it is at once apparent that the witness in fixing the dates of the transactions between May 3rd and May 10th, was referring to purchases made within one year before June 7th, 1923, and therefore to May, 1923. It follows that the evidence was sufficient to make the question of time one for the jury, and that appellant's motion for a peremptory was properly overruled.

Judgment affirmed.