McANDREWS et al. v. BELKNAP.
No. 9578.

Circuit Court of Appeals, Sixth Circuit.
Feb. 25, 1944.

As Amended on Denial of Rehearing
April 3, 1944.

Norris McPherson, of Louisville, Ky. (Henry J. Stites and Norris McPherson, both of Louisville, Ky., Guthrie F. Crowe, of LaGrange, Ky., and Stites & Stites, of Louisville, Ky., on the brief), for appellants.

Franklin P. Hays and Robert P. Hobson, both of Louisville, Ky. (Franklin P. Hays, Robert P. Hobson, and Woodward, Dawson & Hobson, all of Louisville, Ky., on the brief), for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an action to quiet title, instituted by the purchaser from the United States of two parcels of land situated in Oldham County, Kentucky, which had theretofore been sold to the United States for taxes due. Appellant Ann Manning DeRidder McAndrews is the widow and sole heir of Stanislaus P. M. C. DeRidder, and the appellant Martin McAndrews is her second husband, DeRidder having died in 1934. Certain facts were stipulated, as follows:

Stanislaus P. M. C. DeRidder failed to pay federal income taxes for the years 1924, 1925, and 1926 as they became due. Distress warrants issued pursuant to Title 26, U.S.C. § 3700 et seq., 26 U.S.C.A. Int.Rev.Code § 3700 et seq., against DeRidder, then a resident of the State of New York, were certified to the United States Collector of Internal Revenue at Louisville, Kentucky, and were thereafter levied upon two adjoining tracts of land owned in fee simple by DeRidder, located in Oldham County, Kentucky, one containing 83.31 acres and the other 80.42 acres. The sale of these tracts under the distress warrants was advertised for 10:00 A. M. on August 14, 1931.

The sale was not held at any place on either the 83.31-acre tract or the 80.42-acre tract, but was held at the principal dwelling-house on an adjoining 200-acre tract in which DeRidder owned an undivided five-eighths interest in fee simple. The

principal dwelling-house was more than two miles distant by way of the nearest roads and not visible from the dwelling-houses on the 80.42-acre tract.

There was no bidder at the sale, and the officer representing the Collector declared the two tracts purchased by him for the United States for the amount called for in the warrants and the expenses of the levy, namely, $1,994.28. The Collector conveyed the two tracts to the United States on March 1, 1933, by recorded deed. On September 21, 1933, the United States sold the two tracts at public auction to the appellee for $6,500, and thereafter conveyed the two tracts to him.

It was conceded in the stipulation that if the sale of August 14, 1931, was legally held, valid title passed to the United States and the deed from the United States to the appellee passed valid title to the appellee.

Certain additional testimony was adduced at the trial, and the court found additional facts, which may be summarized as follows:

The 200-acre tract, hereafter called tract No. 1, upon which the sale of 1931 was held, had situated upon it a brick residence and some barns. It was bought in 1900 by DeRidder's uncle and operated in his behalf by DeRidder. Upon the 83.31-acre tract, hereafter called tract No. 2, were situated a tobacco barn and a small stock barn. On the 80.42-acre tract, hereafter called tract No. 3, there were two tenant houses, neither of which was occupied in August, 1931. DeRidder lived in the brick residence on tract No. 1 in which he acquired a 5/8 interest in fee simple through his uncle's estate in 1915. He then went to New York, after which time Avery Wyatt lived on tract No. 1 and managed the three tracts for DeRidder. The tracts were contiguous, were operated as a single unit, and were known as the DeRidder farm. The brick residence, called in the community "the home place," was about two and a half miles from the farthest point on tracts 2 and 3. Twice before August 14, 1931, Wyatt went to New York to tell DeRidder about the coming sale, and once he visited New York after the sale, to report that the United States had bought the property.

The sale of September 21, 1933, was held on tract No. 3, and from fifteen to thirty people were present. DeRidder came to Kentucky for the sale, and he and his attorney interviewed Charles A.

Moore, an official in the office of the Collector of Internal Revenue at Louisville, Kentucky, a few days before the sale, at which conference Moore advised DeRidder and his attorney that all the Government wanted for the property was its taxes. Moore notified DeRidder and his attorney on the morning of the sale that he had had a telegram from Washington advising that the title to the property was vested in the United States and that no excess over the taxes would be refunded. The terms of sale were cash. DeRidder had raised $2,000 in cash which he brought to the sale, an amount sufficient to pay the taxes for which the property had been sold, but he was only able to procure enough additional cash from people present at the sale to bid $6,300 for the property. The representatives of the Collector's office refused to give DeRidder any additional time. The appellee bid $6,500, and the property was sold to him for that amount. The District Court held that the sale of August 14, 1931, was valid and granted the appellee the relief prayed for upon that ground, and upon the ground of estoppel and laches.

Appellants contend that the sale of August 14, 1931, was invalid because it was not made at the proper place. The advertisement of sale, omitting the description of the tracts to be sold, read as follows:

"Office of the Collector of Internal Revenue, Louisville, Kentucky, August 1, 1931.

The following described real property, seized from Stanislad (sic) P. DeRidder, under warrant for distraint for the nonpayment of assessed taxes due, will be sold as provided by section 3190, Revised Statutes of the United States, at public auction, on Friday, August 14, 1931, at 10 A. M., on the premises located about one and one-half miles North of Prospect, Ky., 150 acres of land, more or less, located near Prospect, Ky. * * *"

The District Court found that the three tracts were operated as one farm, and known in the community as the DeRidder farm, and concluded, therefore, that the term "premises" included tract No. 1 as well as tracts 2 and 3, with all the buildings located thereon. We think this conclusion is correct. The place of sale was less than five miles distant from the estate seized, and in this respect the sale conforms to the requirements of § 3701 (c), Title 26, U.S.C., 26 U.S.C.A. Int.

Rev.Code, § 3701(c). The critical question is whether, within the terms of the advertisement, the sale was held on "the premises." The appellants urge that "the premises" are tracts 2 and 3, which were described in the notice by metes and bounds, and that the sale held on tract No. 1 therefore does not comply with the notice. But it is shown by uncontroverted evidence that from 1900 to 1915 DeRidder lived at the brick residence on tract No. 1, and that after he went to New York in 1915 his manager lived there. The three tracts were operated as one farm, both by DeRidder and by his manager, and they were known in the community as the "DeRidder farm." Residents of long standing in the community testified that the notice referred to the entire DeRidder farm, and no one testified to the contrary. The question as to the meaning of the notice was one of mixed fact and law, and the testimony of members of the community to whom the notice was addressed was properly admitted on this point. The court erred in taking judicial notice of a local custom in Oldham County, Kentucky, that sales made pursuant to legal process are to be held at the residence of the owner [In re Bowling Green Milling Co., Inc., 6 Cir., 132 F.2d 279; Mowbray & Robinson Co. v. Kelley, 170 Ky. 271, 185 S.W. 1130; Caldwell, Hunter & Co. v. Dawson, 61 Ky. 121], since the custom was neither pleaded nor proved. However, the fact that the brick residence was the only occupied house on these properties is not without significance. A reasonable inference arises that interested persons reading the notice would go to the occupied house on tract No. 1, since this tract was considered by the community to be part of one holding together with tracts 2 and 3. Hence the error is not prejudicial.

■ The decision in any case was not grounded on the point of local custom. It was grounded on the proposition that the three tracts were dealt with as one and considered to be one, and were included in "the premises." This finding is strengthened by the fact that the notice contains two descriptions, one of "the premises located about one and one-half miles North of Prospect, Ky.," and a second description of "150 acres of land, more or less, located near Prospect, Ky." The two descriptions have meaning only if "the premises" refer to and include the entire DeRidder farm, which was located about one and one-half miles north of Prospect. We think the District Court ruled correctly upon this point.

■ Appellants also attack the sale of August 14, 1931, upon the ground that it was conducted in violation of § 3701(d), Title 26, U.S.C., 26 U.S.C.A. Int.Rev. Code, § 3701(d), because no proof was presented as to separate offer for sale of either of the two tracts. The statute in its material portion reads as follows:

"When the real estate so seized consists of several distinct tracts or parcels, the officer making sale thereof shall offer each tract or parcel for sale separately, and shall, if he deem it advisable, apportion the expenses and charges aforesaid to such several tracts or parcels, or to any of them, in estimating the minimum price."

The purpose of this provision plainly is to compel the sale of only so much of the land as may be necessary to satisfy the taxes, costs and charges. This conclusion is strengthened by consideration of the fact that the first part of § 3712, which was enacted at the same time as § 3701, provides that "When any property liable to distraint for taxes is not divisible, so as to enable the collector by sale of a part thereof to raise the whole amount of the tax, with all costs and charges, the whole of such property shall be sold * * *."

■ The construction of these federal statutes is not dependent upon Kentucky law. Springer v. United States, 102 U.S. 586, 594, 26 L.Ed. 253. While no decisions are found in the annotations construing these precise sections with reference to the requirement of a separate sale, they plainly were enacted for the protection of the taxpayer. Hence the requirement of a separate offer, in a case where the real estate consists of two or more distinct tracts, is mandatory. The provision for apportionment of the expenses and charges to the several tracts or any of them, while permissively phrased, is also mandatory. Supervisors v. United States ex rel., 71 U.S. 435, 18 L.Ed. 419. In that case it was contended that a provision that the board of supervisors of a township "may, if deemed advisable" levy a special tax, was directory only. But the Supreme Court held that "where power is given to public officers, in the language of the act before us, or in equivalent language— whenever the public interest or individual

rights call for its exercise—the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depository to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless."

In construing similar statutes the Supreme Court has declared that when it does not affirmatively appear in a sale of the entire land that no one would bid the amount of the taxes and costs for less than the whole, or that the land was incapable of division, the sale is invalid. Stead's Ex'rs v. Course, 8 U.S. 403, 2 L.Ed. 660; Slater v. Maxwell, 73 U.S. 268, 18 L.Ed. 796; French v. Edwards, 80 U.S. 506, 20 L.Ed. 702.

Here the land sold was described as two separate tracts, the description being by metes and bounds, both in the notice of sale and in the record of sale. Hence it affirmatively appears that the land was capable of division. Since the official estimate of the value of the two parcels was $7,000, and they were sold for $1,994.-28, substantially less than the appraised value of one of the tracts, it is clear that the rights of DeRidder were prejudiced by the sale of the property as a whole.

█ The District Court held that since there was no evidence with reference to the manner in which the sale was made, the presumption of validity attaching to official acts required that the sale be upheld. We think that this presumption is not of such force as to supply the proof required affirmatively to exist in order to validate sale of real property for unpaid taxes. Cf. French v. Edwards, supra, 80 U.S. at page 514, 20 L.Ed. 702. It is the general rule that the burden of showing literal compliance with statutes governing the sale of land for taxes is upon the claimant under the tax sale. Ronkendorff v. Taylor's Lessee, 29 U.S. 349, 7 L.Ed. 882; Marx v. Hanthorn, 148 U.S. 172, 13 S.Ct. 508, 37 L.Ed. 410; Lyon v. Alley, 130 U.S. 177, 9 S.Ct. 480, 32 L.Ed. 899.

█ The appellee contends that since under § 3704(c) (1) and (2) the deed of sale given by the United States for lands purchased for delinquent taxes is prima facie evidence of the facts therein stated, the deed in evidence herein supplies the necessary proof; but this deed contains no recital that the two tracts of land were offered or bought by the United States separately, nor do any recitals in the deed show that the officer proceeded "substantially in accordance with" the statute, 26 U.S.C.A. Int.Rev.Code, § 3704 (c) (2), either as to separate sale or apportionment.

█ Under § 3702(b) (1) and (2), the owner of the tracts sold had a right to redeem the land sold or any particular tract thereof within one year after the sale. The price of such redemption is payment to the purchaser of the amount paid by the purchaser and interest thereon at the rate of twenty per cent per annum. Therefore, in absence of an apportionment by the collector, DeRidder was deprived of his statutory right to redeem one or the other of the tracts by paying the part of the charges allocated thereto. Since the United States received approximately $4,500 in excess of the charge against the property, it is evident that DeRidder was prejudiced by having these two tracts of land, with an estimated value of $7,000, applied to a tax debt of approximately $1,-900. It follows that the deed to the United States was invalid because of the failure of the officer making the sale of August 14, 1931, to comply with the mandatory provisions of the statute.

█ However, in order to entitle themselves to the equitable relief sought in their counterclaim, appellants must show that they themselves have done equity. The question whether under equitable principles they are entitled to the relief sought is governed by Kentucky law, since it arises out of an action to quiet title in Kentucky. McCormick v. Sullivant, 23 U.S. 192, 6 L.Ed. 300. Cf. Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290. Appellants have neither paid into court nor tendered the amount of taxes, penalties and interest paid by the appellee upon this land. Cf. Penn v. Rhoades, 124 Ky. 798, 805, 100 S.W. 288. They have not offered to reimburse the appellee for large amounts which he has expended in improving the property in reliance upon the title acquired in 1933, which improvements have substantially enhanced the value of the land. Cf. Hurt's Guardian v. Crawford Coal Corporation, 222 Ky. 504, 509, 1 S.W. 2d 955. Appellants' claim against appellee was not asserted until October 13, 1941. While the efforts of DeRidder to buy the

property at the sale of 1933 did not give rise to an estoppel (Cavin v. Little, 213 Ky. 482, 492, 281 S.W. 480; Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 100, 149 S.W.2d 705), the appellants are clearly guilty of laches by their inaction over so long a period. Justice v. Burgess, 244 Ky. 774, 781, 52 S.W.2d 720. The fact that during this period appellants vigorously pressed DeRidder's claim before the tax authorities is no defense to laches with reference to the appellee.

The petition and cross-petition are dismissed. Each party will pay his own costs in this court.