## DeRidder's Unknown Heirs, etc. et al. v. Belknap.

February 7, 1950.

Lawrence S. Grauman, Special Judge.

George F. Williamson for appellants.

Clark & Manby for appellee.

JUDGE CAMMACK—Affirming.

This action was instituted by Mr. William B. Belknap to quiet title to two tracts of land in Oldham County. He purchased the lands at a sale held by the United States Marshal for the Western District of Kentucky in 1933. The appeal is from a judgment granting Mr. Belknap the relief sought.

The lands formerly belonged to Stanislaus P. M. C. DeRidder, who failed to pay United States Federal income taxes for the years 1924, 1925 and 1926. The Collector of Internal Revenue levied upon the lands. That officer became the purchaser in 1931 and the sale was confirmed by the United States District Court at Louisville. Subsequently, the lands were sold by the United States of America at public auction and Mr. Belknap became the purchaser. Mr. Belknap was given a quitclaim deed. In 1941, Mr. Belknap filed an answer in the United States District Court for the Western District of Kentucky against Ann Manning DeRidder McAndrews, the widow of Stanislaus P. M. C. DeRidder, and Martin McAndrews and the unknown heirs of Stanislaus P. M. C. DeRidder, seeking to have his title quieted. Mrs. McAndrews pleaded that the purchase by the United States of America in 1931 was void, and, therefore Mr. Belknap's title was also void. The Circuit Court of Appeals held in the case of McAndrews v. Belknap, 6 Cir., 141 F. 2d 111, that Mr. Belknap's deed was void. But it was held also that the heirs of DeRidder were guilty of laches in asserting their claim to the property, and both the petition of Mr. Belknap and the cross petition of the DeRidder heirs were dismissed.

During the intervening years it was held in an action in the Oldham Circuit Court that Mrs. Ann Manning DeRidder McAndrews was the sole heir of her deceased husband, Stanislaus P. M. C. DeRidder. This fact was set out in the answer of the heirs of Mrs. McAndrews in the action now before us. They also stated that they had no claim or title to the two tracts of land. The judgment properly recites that all of the defendants were before the court. The warning order attorney appointed to represent the nonresident defendants reported that he could make no affirmative defense for them. The judgment recites also that Mr. Belknap has a fee simple title to the two tracts of land.

Since he obtained his deed in 1933, Mr. Belknap

·has been in the continuous, open, notorious, hostile and adverse possession of the lands. None of the litigation heretofore mentioned has in any way affected his possession. As pointed out in the case of Martin v. Hall, 152 Ky. 677, 153 S. W. 997, L. R. A. 1918A, 1041, an unsuccessful action leading to no change of possession does not arrest the running of the statute of limitations. See also 1 Am. Jur., Adverse Possession, section 181. Under the circumstances, we think the chancellor properly granted Mr. Belknap the relief sought by him.

Judgment affirmed.