**SCUDDY COAL COMPANY, Inc., Appellant,**

v.

**Columbus COUCH, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Rehearing Denied Jan. 28, 1955.

Craft & Stanfill, Hazard, for appellant.

William Melton, Hazard, for appellee.

SIMS, Justice.

Appellee, Columbus Couch, recovered judgment against appellant, Scuddy Coal Company, of $5,650.40 for personal injuries and doctors' bills. In seeking a reversal appellant insists the court erred: 1. In not directing a verdict in its favor; 2. in giving instruction No. 2. As we have reached the conclusion the first ground is meritorious, we will not discuss the second.

Appellee was the only witness who testified concerning the accident itself. He was riding a mule down a hillside when he came to a railroad track used by appellant to transport coal from its mine to a near-by storage bin. Appellee describes the accident in these words:

"Well, that particular morning I started out from home where I live and come out down through, down to the mine. I crossed the track out there, a little vacant place over here to the right, I saw these cars setting pushed back this way, (indicating) and the boss, Marcus Hall, told me 'Hold your mule right there and we'll shove these cars back so you can ride this way'. I rode it in that hole. They had it blocked on both sides. You couldn't get no other way but the track. The track was there for anybody to look at. * * *

"Well, he just told me to hold my mule there till he pushed these cars back yon way there, he said. I got up in that track and started around this track where the road turns off back toward the school house, to the left. This mule that I was on stepped up on this track and caught a tie down that way (indicating), with his left front foot, and that tie caught that mule right in there, between his hind legs, and throwed—he run about, between 25 and 30 yards before he throwed me off, and this tie stayed between his legs till he jumped the second time, and he run between 25—I never did measure it—between 25 and 30 yards, and throwed me at the roots of

a big tree, and that's where he left me and that's where I left him too".

The record is not clear as to whether or not appellant had laid its track on an old abandoned county road or on its own private property. Nor is it clear as to whether appellee was using the roadbed between the tracks with appellant's permission or whether at the time of the accident he was riding on the roadbed of a spur track to get around the cars which were on the main track. A map filed by appellant is of no help. The witnesses in referring to it used "here", "there", "to this point", without indicating locations on the map to which they referred. But the evidence is clear that appellant's foreman tried to stop appellee.

■ Appellee was not a trespasser, as argued by appellant; nor was he an invitee, as argued by appellee. We conclude he was a licensee. We have written that the distinction between an invitee and a licensee is oftentimes shadowy and indistinct. But under the facts in this record we have no trouble distinguishing between them. An invitee enters upon the premises at the express or implied invitation of the owner or occupant on business of mutual interest to them both, or in connection with business of the owner or occupant. A licensee enters by express invitation or implied acquiescence of the owner or occupant solely on the licensee's own business, pleasure or convenience. L. E. Meyers' Co. v. Logue's Adm'r, 212 Ky. 802, 280 S.W. 107; Shoffner v. Pilkerton, 292 Ky. 407, 166 S.W.2d 870. Tested by this rule it is patent appellee was a licensee and not an invitee.

■■ The owner or occupant of premises owes a duty to the invitee to use ordinary care to have the premises in reasonably safe condition, but does not insure his safety, Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667; while he owes no duty to provide the licensee with reasonably safe premises and need only abstain from doing any intentional, willful or grossly negligent act endangering the safety of the licensee, Brauner v. Leutz, 293 Ky. 406, 169 S.W. 2d 4.

■ In the instant case appellee was requested not to ride his mule onto appellant's track but was told to wait until the obstructing cars could be moved. Instead of heeding this request, appellee rode onto the track and in so doing he cannot hold appellant liable for his injuries caused by a defective cross tie, since appellant did not injure him intentionally or through any willful recklessness. When asked if he could not have gotten off and walked around the cars, appellee replied, "That mule was mine. I had the right to ride my mule anywhere I wanted to".

■ Appellee directed much of his proof to the point that appellant had usurped an old county roadway on which it laid its tracks, therefore it had the duty to keep the roadbed between its tracks in reasonably safe repair for travelers. Regardless of whether appellant rightfully or wrongfully constructed its tracks on the county road, appellee knew that appellant was occupying this old road and had been warned not to ride on the tracks until the cars were moved. By disregarding this warning, appellee took the premises as he found them and he cannot recover from appellant for any injury which was not caused by any intentional or reckless act by appellant.

It follows that the court should have sustained appellant's motion for a directed verdict. On another trial should the evidence be substantially the same, the court will direct a verdict for appellant.

*The judgment is reversed.*