Charles ALLEN and Arie C. Caldwell,
d/b/a Allen and Caldwell Trucking
Company, et al., Appellants,

v.

Amanda Ora "Peach" ARNETT and
Gerald Arnett, Sr., Appellees.

The CHESAPEAKE AND OHIO RAIL-
WAY COMPANY et al., Appellants,

v.

Amanda Ora (Peach) ARNETT and
Gerald Arnett, Sr., Appellees.

Court of Appeals of Kentucky.

June 27, 1975.

Earl R. Cooper, Salyersville, James E. Cooper, Gray, Woods & Cooper, Ashland, J. K. Wells, Wells, Porter & Schmitt, Paintsville, for appellants.

Marcus Mann, Salyersville, Robert J. Greene, Perry & Greene, Paintsville, for appellees.

JONES, Justice.

This proceeding comes to this court for a review of an action by Amanda Ora (Peach) Arnett and Gerald Arnett, Sr., her husband. The action arose out of an accident that occurred when the operator of an Allen and Caldwell coal truck drove onto a railroad crossing and was struck by a train of the Chesapeake and Ohio Railway Company, causing the truck to collide with the automobile Amanda Arnett was driving. She had also entered onto the railway crossing in an opposite direction simultaneously with the coal truck. Amanda Arnett sought recovery for her personal injuries and Gerald Arnett, Sr., sought recovery for property damages to his automobile. The case was tried before the judge without a jury and by agreement of all the parties. After a lengthy trial consisting of an abundance of evidence, and the filing of many motions, pleadings and exhibits, the trial court entered a judgment in the amount of $20,-700.00 jointly and severally against both the Chesapeake and Ohio Railway Company, and Charles Allen and Arie Caldwell, d/b/a Allen and Caldwell Trucking Company. From this judgment, the C & O Railway Company and Allen and Caldwell Trucking Company prosecutes this appeal.

Both appeals are to be considered together. Amanda Arnett and her husband, Gerald Arnett, Sr., were permitted to file one brief in each of these appeals.

A number of questions and allegations of error on the part of the trial court are presented by the C & O Railway Company, and by the Allen and Caldwell Trucking Company. However, in the clear light of

day, when the fog and mist are lifted, these issues may be capsulized as follows: (1) Who, if anyone, was negligent? (2) What was the cause of the accident and resulting injuries to Amanda Arnett, and the damages to Gerald Arnett, Sr.'s automobile?

In order that the court may place these issues in proper perspective it is essential to detail some of the pertinent facts.

On January 19, 1970, at approximately 12:50 p. m., the train of the C & O was proceeding in a westerly direction along the track at Royalton, Kentucky, in the vicinity of the area where the track crosses Ky. Highway # 7. Prior to reaching the crossing, some of the train crew observed the coal truck of Allen and Caldwell Trucking Company approaching the crossing on Ky. Highway # 7, and proceeding in the direction of Salyersville, Kentucky. They lost sight of the coal truck temporarily, and when it again emerged into their view the truck was 80 feet from the crossing. As the coal truck moved closer to the crossing, it hesitated momentarily, then continued on across the track. Immediately before the impact, the brakeman shouted to the engineer, "He's not going to stop!" The engineer placed the train in emergency. The train crew fell to the floor for their own protection. Although there is some conflict in the testimony of the witnesses, there is evidence that at the time of the impact between the train and the coal truck, the headlight of the train was on, the whistle was blowing, and the bell was ringing.

Prior to the collision, Amanda Arnett was driving her husband's Chevrolet automobile along Ky. Highway # 7, in a southerly direction toward her home at Royalton, Kentucky. She first observed the coal truck at the crossing from her position at the corner of the post office and storebuilding, located some 55 feet from the center of the crossing. The cab of the coal truck had crossed the track. It is obvious that when she saw the coal truck across the track, she failed to look for the approaching train. There was evidence that at a point 20 feet from the crossing she could have observed

the approaching train for a distance of 322 feet. She assumed that since the coal truck she was meeting was on the track, no train was approaching. Amanda stated: "I figured it was safe by the truck coming across. I never thought about the train coming." Based on this assumption, and without looking for the train or hearing its approach, Amanda drove onto the crossing and was struck by the coal truck, immediately following the impact of the train with the coal truck.

At no time prior to the accident did any member of the train crew observe the automobile Amanda Arnett was operating. The Arnett automobile was pushed approximately 100 feet west of the crossing. One of the members of the train's crew and others helped extricate Amanda from the damaged automobile.

■ The duties required of the railroad company are defined by statute, common law, and sometimes by city ordinance. The railroad company is required by statute to sound the whistle and ring the bell outside of cities, at a distance of 50 rods from the place where the track crosses on the same level any highway or crossing at which a signboard is required to be maintained, and the bell shall be rung or the whistle sounded continuously or alternately until the engine has reached the highway crossing. KRS 277.190.

■ It was the common law duty of the employees of the railway company to exercise ordinary care to have the locomotive under control and to approach the crossing at such reasonable rate of speed as in the exercise of ordinary care reasonably necessary *to prevent injury* to persons using the crossing.

■ The Arnetts argue that the crossing was extra-hazardous. There is no question that this was a dangerous crossing. The numerous exhibits introduced in evidence depict it to be so. The evidence of witnesses revealed that extreme caution was exer-

cised by those who by necessity, had to use the crossing. There was much traffic at the crossing. The extra-hazardous crossing was not the real issue in this case. This court has heretofore addressed itself to this question when it stated:

"But regardless of the amount of traffic, a review of the many decisions of this court in which the principle has been considered convinces us that it does not apply unless there is a real and substantial obstruction to sight or hearing. *The latter must always be the major consideration.*" (Emphasis ours). *Hargadon v. Louisville and Nashville Railroad Co.,* Ky., 375 S.W.2d 834 (1964).

The evidence in this case reveals that there was no real or substantial obstruction to sight or hearing on the part of the railway company employees. The uncontroverted evidence also reveals that the train was operated within the proper speed limit. The real obstruction to Amanda Arnett's sight and hearing was the coal truck.

We turn now to the duty, if any, the Allen and Caldwell Trucking Company owed Amanda Arnett. This court has consistently recognized that:

". . . Before negligence may give rise to a cause of action in favor of the one who is injured thereby there should first exist a duty on the part of the negligent one toward the injured one before a liability attaches. . . ." *Brauner v. Leutz,* 293 Ky. 406, 169 S.W.2d 4, 5 (1943).

Thus, actionable negligence is based on the violation of a duty owed to the injured person by the negligent one. Certainly, Allen and Caldwell's truck driver owed certain duties to other members of the public traveling the highway in an opposite direction, including Amanda Arnett. These duties were: (1) to keep to the right of the center of the road; (2) to keep a proper lookout for approaching vehicles; and, (3) the general duty to exercise ordinary care to avoid a collision with an approaching automobile. However, there was no duty on the driver of the coal truck to play "follow the leader" as that game was played by Amanda Arnett. Amanda Arnett had no legal right to rely upon the presence of the coal truck on the crossing as a guarantee of safe passage across the railway tracks. A motorist has the same responsibility of care at a railroad intersection as he would have in entering a superior highway. *Louisville and Nashville Railroad Company v. Dunn,* Ky., 380 S.W.2d 241 (1964).

Amanda Arnett owed the driver of the coal truck and to other members traveling the highway in an opposite direction reciprocal duties that the driver of the coal truck or any other motorist similarly situated owed to her.

A review of the record in this case fails to disclose that the driver of the coal truck was remiss in any legal duties owed to Amanda Arnett. Her testimony reveals that the coal truck was on its side of the road.

We will now discuss the cause of the accident, and the resulting injuries to Amanda Arnett, and the damage to her husband's car.

Amanda Arnett was familiar with this particular crossing. She traveled the highway frequently. She knew that many coal trucks and other vehicles used the highway and the crossing. Her vision was unobstructed within 25 feet of the railway track and crossing. Known hazards exact greater care on the part of the traveler than those which are unknown.

Amanda Arnett could have seen or heard the approaching train had she looked and listened properly. She could have done this before her view was obstructed by the coal truck.

If the Allen and Caldwell driver breached any duty of ordinary care for his own safety, that act does not provide Amanda Arnett a license to blindly proceed on to the crossing merely because a truck was there.

The trial court heard the evidence. He listened to much argument. He made many rulings. At the conclusion of the trial, he prepared detailed findings of fact and conclusions of law. This court is bound by those findings unless they are clearly erroneous. CR 52.01. The court is aware that the learned trial court had an arduous task in the trial of this case. This court is always reluctant to disturb a trial court's findings. However, a review of the testimony, and the photographs and maps presented in evidence convinces this court that Amanda Arnett, by the exercise of ordinary care, should have seen the train which was in plain view. When her view was obstructed by the coal truck, she was under a continuing duty to exercise that degree of care commensurate with the danger that confronted her.

The court concludes that Amanda Arnett was contributorily negligent as a matter of law, and this negligence on her part was the substantial factor that caused the injuries to her and the damages to her husband's automobile. The findings of fact, conclusions of law, and the entry of a joint and several judgment against the C & O Railway Company and the Allen and Caldwell Trucking Company in the amount of $20,700.00, are clearly erroneous. CR 52.01.

The judgment is reversed with directions that the judgment in favor of the Arnetts be set aside, and judgment be entered for the appellants, C & O Railway Company and the Allen and Caldwell Trucking Company.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, STEPHENSON, PALMORE and STERNBERG, JJ., sitting.

REED, C. J., and LUKOWSKY, J., concur in result only.