## JOHNSON v. CURLEE CLOTHING CO.

No. 13674—Opinion Filed Oct. 13, 1925.

### 1. Sales—"Sale or Return" Contract Defined.

A contract for the sale of goods, whereby the title passes for the time being, but subject to the option of the purchaser to rescind or return the property within the time stipulated, is a "sale or return."

### 2. Same—"Return" Used in a Sale or Return Contract Defined.

Under a sale or return contract providing that if the purchaser becomes dissatisfied with the goods, he may return for credit to seller such parts of the goods as are unsold, the term "return" means to place the goods in the same place or condition whence they came; to send back to a former place or holder.

### 3. Same — Resale to Seller by Return — When Title Passes.

In such case, the purchaser being bound to deliver the goods to the place whence the purchaser received same from the seller, such return amounts to a resale to the seller and such delivery is essential to the passing of title to the seller.

### 4. Same — Loss in Transit — Purchaser Liable.

In such case, delivery of the unsold goods by the purchaser to a common carrier to be shipped to the seller is not—as in the case of ordinary sale—delivery to the seller, and the purchaser is liable for loss in transit.

### 5. Appeal and Error—Disposition of Cause.

Held, the instructions, if erroneous, were business to defendant, and the judgment should be affirmed on defendant's own theory.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Curlee Clothing Company against K. T. Johnson. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

P. Mounts, W. H. Hussey, and Herman S. Davis, for plaintiff in error.

Wilson & Roe, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff clothing company claimed to have sold in the fall of 1918, 34 suits of men's clothes to defendant unconditionally, using its usual order form, shipping same in January, 1919, to defendant at Cherokee. In February, defendant sold his store, not including these goods. Soon after the sale, defendant, by clerk and drayman, sent part of the goods to the local railroad depot. In April, some of the goods were forwarded to plaintiff at St. Louis, and in June one box, containing two coats and five vests, was tendered to plaintiff by agents of the railroad company at St. Louis, which tender was refused. Defendant pleaded and contended that the goods were purchased on the condition that "at any time that he became dissatisfied with them, that he would have the right to return to plaintiff such parts of such goods as were unsold and was to pay plaintiff for part that was sold." Defendant claimed to have returned to plaintiff, by delivery to the railroad company at Cherokee, all except five suits offering to pay for the five, and that plaintiff refused to accept the goods returned or such payment. Defendant did not procure or send to plaintiff bill of lading for any goods attempted to be returned. On issues thus joined, involving the terms of sale, judgment on verdict was for plaintiff for $506, action being for $810.25 on invoice of plaintiff. Under plaintiff's own statement of the contract, so as aforesaid, the transaction was such as is sometimes known as "sale or return." Title to suits passed to defendant by delivery, subject only to be defeated by condition subsequent, to wit, the exercise of the return privilege by defendant. See 35 Cyc. 253, and authorities there cited. A "return" implies the prior existence of some state or condition. Webster defines it "to turn back; to go to or come again to the same place or condition."

In the Standard Dictionary, it is defined, "to cause to take again a former position; put, carry, or send back, as to a former place or holder." A technical meaning in law is thus given in Black's Law Dictionary: "The act of a sheriff, constable, or other ministerial officer, in delivering back to the court a writ, notice, or other paper." Clyatt v. United States, 25 Sup. Ct. 429, 431, 197 U. S. 207, 49 L. Ed. 726.

In Meyer et al. v. Hodge, Sheriff, et al. (Wash.) 157 Pac. 42, it is held:

"Where a contract of sale authorized the buyer to return the goods, or any portion of them, for credit, such return amounted to a resale to the seller, and delivery to the seller was essential before title to such goods passed to him."

Under defendant's own theory, plaintiff was not reinvested with title of the goods until the performance of such condition, to wit, return of the goods by defendant, or proper offer to return. A contract for the sale of goods, whereby the title passes for the time being, but subject to the option of the purchaser to rescind, or return the property within the time stipulated, is a "sale or return." Ophir Consol. Mines Co. v. Brynteson, 143 Fed. 829, 833, 74 C. C. A. 625. The general rule that delivery of the goods to the carrier is delivery to the consignee is not applicable in the instant case. Under defendant's statement of the contract he was to return such parts of the goods as were unsold at any time he became dissatisfied with them. The rights of the parties in such case are ordinarily fixed by their own agreement. We think the contract herein, as stated by defendant, bound the defendant to the actual delivery of such unsold goods, or offer of delivery thereof, at St. Louis, the place whence he received such goods, and that the title remained in defendant until such return.

Defendant tendered plaintiff at St. Louis only two coats and five vests. If the jury found the contract to be as contended by defendant, the jury certainly made a very liberal allowance for such remnants, since defendant was liable for loss in transit and had not paid for these goods. Defendant complains of certain instructions of the court to the effect that if the jury found that defendant had the right to return the goods and delivered |same to the railroad company at Cherokee, properly directed to plaintiff at St. Louis, he would not be responsible for the loss in transit. Defendant cannot complain of such instruction so in his favor since it was his duty to deliver said goods at St. Louis. Complaint is also made because the court instructed the jury, in substance, that if defendant returned the goods without any request or directions from plaintiff for such return, the shipment would be at defendant's risk and he would be responsible for damage in transit. It is claimed that said instruction denied to defendant the right to return the goods not sold, since thereunder plaintiff could rescind that part of the contract relating to the privilege of return. What the contract was, was submitted to the jury. Whatever error there was in such instruction, was harmless under the views herein expressed. It is unnecessary to note other assignments. The record being free from prejudicial error, and the verdict and judgment being supported by the sufficient quantum of evidence, under the well-known rule of this court, let the judgment be affirmed.

By the Court: It is so ordered.