464

AMERICAN FEDERATION OF SMEL-
TER WORKERS, etc., v. KYRK.

No. 32861.   Nov. 10, 1947.

Rehearing Denied Dec. 2, 1947.

*187 P. 2d 239.*

C. W. Schwoerke and K. J. Schwoer-
ke, both of Oklahoma City, Tressa
Burger, of Blackwell, and Joseph Pad-
way and Robt. A. Wilson, both of Wash-
ington, D. C., for plaintiff in error.

Raymond A. Trapp, of Blackwell, for
defendant in error.

WELCH, J.   In this action Edward
A. Kyrk sued American Federation of
Smelter Workers, Federal Labor Union
No. 21538, for damages alleging defend-
ant had wrongfully caused plaintiff to
be discharged from his employment.
From a judgment in favor of plaintiff,
defendant appeals.

Plaintiff's petition and testimony de-
tails a history of dispute between plain-
tiff and defendant as to his member-
ship status beginning shortly after the
defendant Union was organized in
March, 1938.   However, in opening
statement and after close of plaintiff's
evidence, counsel for plaintiff announced
that plaintiff's membership in defend-
ant Union had been established and that
plaintiff was proceeding on the theory
that he is a member and had joined
the Union and had been a member since
March, 1938.   The court instructed the
jury that they were to consider plain-
tiff as a member of the defendant Union.

As a basis for recovery herein plain-
tiff claimed that the defendant Union,
without notice to him and therefore
contrary to the laws of the Union, im-
posed a fine of $10 against him and
secured his discharge from employment
because of his refusal to pay said il-
legal fine.   Upon the issues formed by
defendant's general denial of plaintiff's
claims, the cause was submitted to the
jury.

There is some evidence from which
it might be inferred that plaintiff was
informed that a fine had been improp-
erly imposed on him, but this informa-
tion was erroneous if he was so in-
formed.   Plaintiff testified that an agent
of the defendant Union called on him
in June, 1939, and told him that unless
he paid his dues of $5 and a fine of
$10, which had been placed on delin-
quent members, the Union would have
him fired from his job.   There is no
evidence that any further effort was
made to collect any such fine.   Al-
though plaintiff was thereafter dis-
charged from work, no reasonable in-
ference may be drawn that he was dis-
charged for failure to pay a fine in
the face of undisputed evidence to the
contrary.

The record discloses that the defend-
ant local Union was organized in March,
1938.   In June, 1939, a written con-
tract was entered into by the company
and defendant Union, wherein the com-
pany recognized the defendant as the
exclusive representative of all of its
employees with certain exceptions not
here material.   Article VIII of the con-
tract provides in part:

"All employees who are members of
the Union . . . shall be required to pay

their dues and assessments as required by the laws of the local Union."

The laws of the defendant Union in part provide:

"Section 4. The initiation fee shall be not less than $2.00 which shall accompany the application for membership.

"Section 5. The dues of this Union shall not be less than $1.00 per month, 5 cents of which shall be laid aside as a special fund to be used in cases of strike or lockout.

"Section 6. Any member who shall fail to pay the dues and assessments required by this constitution for a period of three months shall be suspended for membership. The delinquent to be notified in writing, of such action by the Financial Secretary after sixty days, and if such delinquent shall fail to place himself in good standing within thirty days after such notice he may be expelled. A member who is delinquent for a period of thirty days will not be allowed a seat in the meeting or to work until he has placed himself in good standing. . . ."

"Article V. Duties of Officers. . .

"Section 4. The Financial Secretary-Treasurer shall keep a correct account between this Union and its members. He shall collect all dues, . . . notify all members in arrears of the amount of their indebtedness . . . ."

Plaintiff received a letter from the defendant Union dated July 6, 1939, signed "Fay Abbott, Financial Secretary" stating:

"Pursuant to Article VIII of our contract with the Blackwell Zinc Co. and the by-laws of our Local, you are hereby officially notified that if you fail to reinstate and pay the $10.00 penalty on or by the 20th day of July legal action will be taken against you.

"The penalty of this is dismissal from work until the requirements are complied with."

The company received a letter from the defendant Union dated July 31, 1939, as follows:

"Pursuant to section 1, Article VIII of the existing contract with you, we hereby request that Brother Ed Kyrk, a member of this organization on June 2nd, 1939, be immediately suspended from further employment with your company until he has placed himself in good standing with this organization by the payment of $15.00, which constitutes dues and assessments which he is now in arrears and as is provided for by the Constitution and By-Laws of The American Federation of Smelter Workers Federal Labor Union No. 21538."

The Company wrote the plaintiff a letter on August 1, 1939, attaching a copy of the letter from defendant Union and advising plaintiff that unless the Company received notice by August 5, 1939, that satisfactory arrangements had been made with defendant Union, it would be necessary to suspend the plaintiff from employment.

Plaintiff was suspended from employment on August 5, 1939.

On January 16, 1940, plaintiff filed an action against the defendant Union asking for judgment of the court finding that he was not a member of the defendant Union and restraining defendant from interfering with his employment.

The defendant filed an answer claiming plaintiff was a member of the said Union, admitting that it had caused him to be discharged, and further alleged that upon payment of $15 delinquent dues and assessments, plaintiff would be permitted to return to his employment.

The trial court found the issues in favor of the defendant Union and against the plaintiff and denied injunction.

Thereafter the plaintiff tendered the sum of $17 in payment of delinquent dues and assessments upon condition

that he be restored to his former job. The tender was refused with a statement that defendant could only certify him for employment; that reinstatement to his former job and to seniority rights rested with the employer company.

Thereafter, in August, 1941, this action was commenced.

It is conceded that under the laws of the Union and by virtue of the contract with the company, the Union could have a member suspended from employment for failure to pay dues. Under the undisputed evidence the plaintiff paid no dues except $1 for the month of March, 1938, and was delinquent in his monthly dues in the sum of $15 in June, 1939.

The written demand, dated July 6, 1939, and signed by the financial secretary of the Union, that plaintiff reinstate by July 20th or suffer dismissal from work, did not name a sum of money in excess of the lawful dues owed by plaintiff. There is no evidence that plaintiff after receipt of this letter made any request of the defendant for any statement of the amount of lawful dues for which he was in arrears, or that he made any tender of his delinquent dues in any amount. The letter from defendant to the Company, dated July 31, 1939, which resulted in plaintiff's dismissal from work, requested plaintiff's dismissal only until he should place himself in good standing by the payment of $15 delinquent dues and assessments. It does not appear that any sum had been assessed against him except the dues. Plaintiff had notice of this letter and its contents through a letter from his employer dated August 1, 1939. The employer's letter also informed him that the Union's request would be honored unless satisfactory arrangements had been made by August 5, 1939. No tender of his lawful dues was then made by plaintiff.

These acts of the defendant which resulted in plaintiff's dismissal from work do not show any demand upon plaintiff that he pay a fine or any amount in excess of his legal dues.

As noted above, after his suspension from employment, plaintiff made a conditional tender of his delinquent dues to the defendant, but upon conditions which were beyond the powers of the Union to fulfill under its contract with the employer.

We find no evidence reasonably tending to prove that defendant, acting without authority, caused plaintiff to be discharged and kept from his employment and no evidence reasonably tending to support the verdict and judgment entered thereon in favor of plaintiff.

The judgment is reversed, with directions to enter judgment for defendant.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur.