DAKE et ux. v. FINANCE CORPORATION et al.

No. 35201. Feb. 17, 1953.

*253 P. 2d 842.*

Geo. W. Reed, Jr., and Geo. P. Striplin, Tulsa, for plaintiffs in error.

John J. Southwick and W. Leslie Webb, Tulsa, for defendants in error.

WELCH, J. Plaintiffs, seeking money judgment, alleged that defendants be-

came indebted to the plaintiffs in the sum of $450, growing out of a transaction between the parties involving a sale of the plaintiffs' property. The defendants each made denial of any indebtedness to plaintiffs.

At trial, before a jury, and at the close of the introduction of the evidence, motions for directed verdict in favor of each of the defendants were sustained by the court. Judgment in accord therewith was for the defendants.

The plaintiffs contend the court erred in directing verdict for the defendants.

According to testimony of the plaintiff R. C. Dake, he employed the defendant Herrington to procure a buyer for certain property at a purchase price of $9,000, and orally agreed to pay said defendant a commission of $200 on successful conclusion of the employment. The defendant furnished a prospective buyer who offered to purchase if he could qualify and obtain a government insured loan on the property in the amount of the purchase price. The defendant Finance Corporation offered to make such loan for the buyer, and the plaintiffs executed a deed to the property in favor of the buyer and placed the deed in escrow with the defendant corporation with agreement that it be delivered to the buyer upon completion of the loan transaction and payment to plaintiff of the loan proceeds of $9,000, less deductions made for the payment of existing liens, encumbrances and claims against the property and the fees and costs incident to the loan transaction. Thereafter, the said plaintiff went to the office of the defendant corporation where the defendant Herrington and an agent of the corporation were present. The plaintiff was there presented a written statement and loan closing agreement showing a list of bills and charges paid out for the loan proceeds of $9,000, including an item of $450 to the defendant Herrington, as a real estate broker's fee. A check from the defendant corporation in the amount of the balance shown by said statement was handed the said plaintiff and a check from the said defendant corporation for $450 made payable to the defendant Herrington was presented to the said defendant. The plaintiff there stated in the presence of the defendant Herrington and the agent of the defendant corporation that Herrington didn't have the check coming to him out of the proceeds of the loan, and stated that he, the plaintiff, would have to get an attorney to see what he could do about it. Nonetheless, the plaintiff signed the closing agreement with the statement showing a deduction of $450 from the loan proceeds and the payment thereof to Herrington. The plaintiffs accepted the check from the defendant corporation in the amount of the balance as was shown in said closing statement and agreement, and on the same day the plaintiffs cashed said check and used the proceeds thereof for their private purposes.

In Eckroat v. Landrum, 205 Okla. 119, 235 P. 2d 705, it was held:

"In passing on a motion for a directed verdict, the court must concede to be true the evidence supporting the view of the party against whom the motion is made, giving him the benefit of all legitimate inferences.

"Where there is any evidence in the record reasonably tending to support the allegations of the petition which would justify a verdict in favor of the plaintiff, it is error for the court to direct a verdict for the defendant."

The instant action being an action at law triable to a jury, it was the duty of the trial court, when ruling on the motions for a directed verdict, to disregard all the evidence unfavorable to the plaintiffs and give them the benefit of all legitimate inferences.

By the testimony of the plaintiff R. C. Dake, it was made to appear that the defendant Herrington received loan proceeds from the defendant corporation rightfully belonging to the plaintiffs and to which the defendant Herrington was not entitled. With said testimony accepted and viewed in a light

most favorable to the plaintiffs, it appears there is some evidence in the record raising an issue of fact, and reasonably tending to support the allegations of the plaintiffs' petition and to possibly justify a verdict in favor of the plaintiffs and against the defendant Herrington. Accordingly, we find it was error for the court to direct a verdict for the defendant Herrington.

According to the testimony of the plaintiff R. C. Dake, in so far as the defendant corporation was involved in the transaction in the disposition of the loan proceeds, the plaintiffs acceded to its payment of loan proceeds to the defendant Herrington. In the entire record we have found no evidence as would support a recovery by the plaintiffs against the defendant Finance Corporation.

The judgment in favor of the defendant Finance Corporation is affirmed.

The judgment in favor of the defendant Herrington is reversed and the cause is remanded for a new trial between plaintiffs and the defendant Herrington.

JOHNSON, V.C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. O'NEAL, J., dissents.