HALES
v.
HENRY BLACK, LIMITED, Inc.
No. 35444.

Supreme Court of Oklahoma.
Nov. 17, 1953.
Rehearing Denied Dec. 22, 1953.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

McClelland, Kneeland, Bailey & McClelland, Oklahoma City, for defendant in error.

PER CURIAM.

Henry Black, Ltd., plaintiff below, brought this action against Hales Jewelry Company to recover $870, together with interest from January 1, 1948 representing cost of merchandise shipped to the defendant. A second cause of action was prosecuted for the recovery of $57.50, together with interest from November 21, 1947. At the close of all the evidence the court directed the jury to return a verdict for the plaintiff on both causes of action and entered judgment against the defendant in the amount of $1,138.93. Defendant, in open court, admitted liability on the second cause of action and does not appeal from that part of the judgment. The only question before this court is whether or not the trial court committed error in directing a verdict for the plaintiff on plaintiff's first cause of action, defendant complaining that the cause should have been submitted to the jury. The evidence shows that Henry Black, Ltd., is a corporation with its principal place of business in New York City and in October, 1947 mailed the defendant jewelry company in Oklahoma City certain jewelry valued at $870, which the defendant had previously ordered on open account. Defendant's evidence indicated that the goods were received by defendant in Oklahoma City and promptly re-packed and delivered to the Railway Express Company for return to plaintiff. Apparently, the goods were either lost in transit or misappropriated after their return to plaintiff. Through past dealings it was mutually understood between the parties that all sales would be shipped to the buyer and that if the buyer elected he might within a reasonable time notify the seller that he did not wish to keep the merchandise and could then return the merchandise without obligation to pay any money in connection with the returned shipment. When the goods involved in this lawsuit arrived in Oklahoma City they were inspected by the defendant, and according to defendant's evidence, defendant elected to return the goods. Mrs. Hales testified that she supervised the packing of a parcel containing the goods valued at $870 and also other goods valued at $3300. This package, according to Mrs. Hales, was then delivered to the Railway Express addressed to the plaintiff in New York City and defendant was given receipt # 20-45-64 by the Railway Express Company. The Railway Express Company's copy of receipt # 20-45-

64 was received into evidence indicating a declared value of $3300 and bearing the following notation in ink:

"This shipment del'd Nov. 24, 1947 Henry Blacks by (illegible signature) 12 P. M."

Plaintiff admitted receiving shipment # 20-45-64 but insisted that it contained only merchandise valued at $3300 and did not include the merchandise involved in this lawsuit and valued at $870. Correspondence was received into evidence between the parties wherein defendant insisted that it had shipped the goods to plaintiff and under their mutual agreement had no further obligation in connection with the merchandise. Plaintiff replied:

"Please do not feel that we are reneging on our promise to accept the return of this merchandise."

However, plaintiff insisted that it had never received the goods claimed to have been returned and could not credit defendant's account for this reason.

■ From the evidence it clearly appears that this transaction was not an absolute sale upon arrival of the goods in Oklahoma City, but was a sale and return. Subsequent correspondence of the parties, received into evidence, shows that both parties interpreted their contracts, including the one involved herein, as sales which could be voided by the purchaser upon prompt exercise of his option to return the merchandise. Subsequent conduct of the parties to a contract may be considered in arriving at their intention, Victory Investment Corp. v. Muskogee Electric Traction Co., 10 Cir., 150 F.2d 889, 161 A.L.R. 1436; McDowell v. Droz, 179 Okl. 119, 64 P.2d 1210.

■ We have held in Johnson v. Curlee Clothing Co., 112 Okl. 220, 240 P. 632, that under a sale or return contract the purchaser must bear the loss, as against the seller, if the merchandise is damaged while being returned to the seller. This for the reason that title is in the purchaser until he actually returns the goods to the seller, and the owner of personal property must bear the risk of loss or damage to the property The carrier becomes the agent of the purchaser while the goods are being returned to the seller. However, once goods sold under sale or return, are actually returned to the seller or his agents, title again vests in the seller, and as against the purchaser, the seller must bear the risk of loss or damage. Accordingly, if the goods were lost while in transit plaintiff must prevail; but if they were delivered to plaintiff or plaintiff's agents by the carrier and subsequently misappropriated or lost, defendant must prevail. We think defendant's direct testimony that the goods were packaged in shipment # 20-45-64 which plaintiff admits receiving is sufficient to send the case to the jury. For the purposes of the motion for directed verdict we must assume that defendant's evidence is true and that in fact shipment # 20-45-64 included not only the $3300 merchandise but also at the time of delivery to the carrier included the $870 merchandise, Maryland Casualty Co. v. De Armon, 179 Okl. 60, 64 P.2d 719. There is at least strong circumstantial evidence that shipment # 20-45-64 arrived at plaintiff's store intact. Plaintiff admits the package arrived and that the $3300 merchandise was removed from it. This was a sealed air express package. Plaintiff at no time claimed that shipment # 20-45-64 had been tampered with. Reasonable men could have concluded from this evidence that package # 20-45-64 arrived containing the same contents as at the time of shipment from Oklahoma City. There was a disputed question of fact and the trial court should have submitted the cause to the jury under appropriate instructions.

The case is remanded for a new trial on the first cause of action only.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, and WILLIAMS, JJ., concur.

O'NEAL and BLACKBIRD, JJ., dissent.

This Court acknowledges the services of attorneys Truman B. Rucker, W. Preston

Woodruff and Joe Shidler, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.