**WENTZ v. GRIMSHAW et al.**

**No. 35953.**

Supreme Court of Oklahoma.

June 8, 1954.

Joe B. Houston, Gerald B. Klein, James P. Melone, R. L. Davidson, Jr., Ben Murdock, Tulsa, for plaintiff in error.

Hudson, Hudson & Wheaton, Tulsa, for defendants in error.

JOHNSON, Vice Chief Justice.

The parties will be referred to as they appeared in the trial court.

The essential facts germane to this appeal are that defendant Grimshaw Construction Company, a co-partnership, by contract constructed a concrete second floor in a certain building and left various openings to accommodate other fixtures to be installed later, one of which was approximately 3' x 4' wide and 30 feet above the concrete floor below.

Defendant allegedly did not (as it was evidently required to do, 65 C.J.S., Negligence, § 85, p. 593) provide railings or other safeguards, or otherwise properly and safely cover said opening, but negligently and carelessly placed planks crosswise over the opening which admittedly were not fastened down or made secure; that the boards used extended no more than one half inch to one inch over and beyond the edge of the opening on either side. No warning or notice of the dangerous condition was given by posting or otherwise. Plaintiff, an employee of A. M. Locket Company, who admittedly was rightfully working on the premises without any previous knowledge of the arrangement, stepped (as testified to by plaintiff and other witnesses) upon the unfastened loose boards which defendant had placed over the hole and the boards slipped out of place or gave way causing plaintiff to fall through the hole to the floor 30 feet below seriously injuring him. This, in substance, was the case as presented by the plaintiff. When the trial was concluded, the court sustained defendant's motion for a directed verdict, and subsequently overruled plaintiff's motion for a new trial.

It is argued that there is no evidence to show that defendant had the responsibility of covering and maintaining the covering over the hole or any admission of such responsibility on the part of defendant; that the evidence shows only that defendant's employees built and placed over the hole a firm and substantial cover and that the cover was over the hole a few minutes before the accident happened, and by reason thereof the record sustains the action of the trial court. We do not agree.

Plaintiff's position is that defendant owed the duty, both under the law and by contract to properly and securely safeguard and cover openings on the floor in the building under construction and that this duty rested at all times during the construction of the building upon defendant; that defendant admittedly placed the boards over the hole and that after the plaintiff fell through the opening the defendant immediately repaired the covering. These facts and circumstances tend to show that the defendant was performing a duty at all times both before and after the accident and would warrant the jury in finding that defendant was acting in line of duty and responsible for damages resulting from any negligence in performing said duty.

Granting that the defendant's evidence reasonably tends to sustain the defense of contributory negligence and the defense that adequate provisions for the safety of others whom the defendant knew might be obliged to walk across the 3' x 4' hole left by it in the second floor had been made, yet a conclusion to that effect by the trial judge would invade the province of the jury and constitute reversible error, where, as here, there was evidence and legitimate inferences reasonably tending to sustain plaintiff's allegations.

This was an action at law triable to a jury; it was the duty of the trial court, when ruling upon the motion for a directed verdict, to disregard all the evidence unfavorable to the plaintiff and give him the benefit of all legitimate inferences, and, where there is any evidence in the record reasonably tending to support the allegations of the petition which would justify a verdict in favor of the plaintiff, it is error for the court to direct a verdict for the defendant.

We have carefully examined the record, and hold the evidence and legitimate inferences to be drawn therefrom sufficient to justify submission of the cause to the jury. Dake v. Finance Corp., 208 Okl. 116, 253 P.2d 842, and cases cited therein.

Reversed with directions to grant plaintiff a new trial.

HALLEY, C. J., and WELCH, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, DAVISON, ARNOLD and O'NEAL, JJ., dissent.

ARNOLD, Justice (dissenting).

The undisputed facts are that a number of independent contractors were engaged in the building of an industrial building. The plaintiff here is the employee of one independent contractor and the defendant partnership is another independent contractor. The defendant independent contractor had no supervisory control of the other, the employer of plaintiff. The defendants made the hole in the second floor through which plaintiff fell. The evidence shows beyond question that the hole made by defendants was securely and safely covered and that the defendants ceased operating on said floor and none of their employees returned thereto.

There was no duty on the defendants' part to thereafter supervise or maintain the hole made by them and covered by them in a safe, non-negligent manner. The plaintiff, in conjunction with other employees of his employer, an independent contractor, was moving a heavy sheet of steel and in doing so came in close proximity to the covered hole in question. By some action, wholly unidentified by the evidence, the covering of the opening was misplaced or made in an unsafe condition by the removal of the cleats which had theretofore fastened it. For the plaintiff in any event to recover against defendants there would have to be grounds for a reasonable inference that the defendants, through their employees, of course, did something to make the opening and its covering unsafe.

There being no duty to supervise or maintain the covering and the evidence being positive and uncontradicted that the employees of defendants had nothing to do with the opening after they rendered it thoroughly safe and quit working on the second floor, such inference would necessarily be purely conjecture.

Then, too, the duty of one independent contractor to the employees of another independent contractor is not to create a snare or trap. The defendants here were as to plaintiff's employer's employees a licensor. In the case of Arthur v. Standard Engineering Co., 89 App.D.C. 399, 193 F.2d 903, 906, 32 A.L.R.2d 408, there was a fact situation very similar to the case at bar. The case holds that the relation of one subcontractor to the employees of another subcontractor is that of licensor and licensee, and states in the opinion quoting from Brauner v. Leutz, 293 Ky. 406, 169 S.W.2d 4:

" 'The doctrine appears to be universal that a licensor owes no duty to a licensee to provide safe places or premises for the occupancy or use of his licensee, save and except to abstain from

doing any intentional, wilful (and in some jurisdictions gross reckless) act endangering the safety of the licensee.' "

The evidence does not show either that the defendants negligently constructed the covering in the first instance or that they were thereafter responsible for the cleats being removed from the cover or that they knew the covering was in an unsafe condition and allowed it to remain that way. This is true as to the state of proof, though the allegations of the petition may have been to the contrary. For there to be liability on the part of the independent contractor partners in this case it must be assumed, contrary to the record, that such evidence was introduced.