MERCURY OIL REFINING COMPANY, a corporation, Plaintiff in Error,

v.

Sam RICHARDSON, Defendant in Error.

No. 36904.

Supreme Court of Oklahoma.

Feb. 7, 1956.

Rehearing Denied April 10, 1956.

Application for Leave to File Second Petition for Rehearing Denied May 15, 1956.

was completed as a dry hole, he commenced the present action, as plaintiff, naming "Mercury Oil and Refining Company" (which apparently refers to plaintiff in error, Mercury Oil Refining Company), as defendant and owner of said lease, to recover damages he allegedly suffered during the course of defendant's alleged operations on the lease, because of pecan trees killed in building a road to the well and the condition in which the premises were left after the well was completed. Both parties will hereinafter be referred to as they appeared in the trial court.

Plaintiff's allegation that defendant "held" the oil and gas lease on the premises was included in paragraph "2" of his petition and amended petition. In defendant's original answer, it admitted the allegations contained in that paragraph (and another paragraph) of those pleadings, but later filed an amended answer therein alleged to be "in lieu of and to take the place of" its original answer, which contained no such admission, but instead, contained a general denial of all of the allegations of plaintiff's amended petition except that defendant was a Michigan corporation authorized to do business in Oklahoma. Said denial was followed by the following allegation:

"At the time of the preparation of the Answer filed in this cause, the investigation of the Defendant was not completed, and on its completion of the investigation into the facts of this cause, the matter set forth in said Answer had been discovered to be erroneous and not a correct statement of facts, all of which materially affect the defense of this cause."

Following the above quoted portion of said amended answer was the prayer that: "* * * premises considered, * * * Plaintiff take nothing * * * and * * * Defendant * * * have its costs * * *".

Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiff in error.

Long & Long, Pauls Valley, for defendant in error.

BLACKBIRD, Justice.

Defendant in error is the owner of a certain 40 acres of land in Garvin County, Oklahoma, under an oil and gas lease. After a well drilled for oil under said lease

Thereafter plaintiff obtained an order from the trial court making one W. E. Anderson an additional defendant in the action, and thereafter, in an amendment he filed to his original and amended petitions, he alleged that in doing the damages alleged in his previous pleading, the original de-

fendant, "Mercury Oil and Refining Company", and Anderson were engaged in a joint venture, and he prayed judgment against both. In its answer to said amendment of plaintiff's amended petition, the oil refining company denied that it was a joint adventurer of W. E. Anderson in the drilling of the well on the premises involved, and affirmatively asserted that it did not have, and had never had, any interest in the oil and gas lease thereon.

In plaintiff's reply, he referred to the fact that in its original answer the oil refinery company had admitted it had an oil and gas lease on the premises, and, at the trial, before a jury, he introduced said pleading in evidence; but the only other evidence he introduced in his attempt to show that said company had any interest in the lease, or was in any way responsible for any of the things forming the basis of his alleged cause of action, was his own testimony, in which he related that in November, 1949, before the well was ever started, he had a conversation in regard to its location, and the location of the road to be built across the land to said location, with a man whom he knew only as "Speedy". He never identified this man as being an employee, or associated in any way, with the Mercury Company. He further remarked at one place in his testimony that he had "contacted the Mercury Oil and Refining Company", but no further reference to this remark, or explanation of its import, appears anywhere in the evidence except plaintiff's testimony that he talked to a Mr. McClelland who had a "Mercury sign on the pickup he drove * * * about having to drill an off-set." Plaintiff also gave an affirmative answer to the following question from his counsel: "Mr. Richardson, do you know if they were Mercury trucks, or if Mercury trucks were in there on the location when the well was drilling, or trucks with the Mercury Oil and Refining Company signs on them?"

R. P. Brandenburg, who, it developed, was the man plaintiff had referred to as "Speedy", was a witness for the oil refining company. He testified that during all of the time coinciding with the period during which the matters complained of by plaintiff were alleged to have occurred, he was Production Superintendent for W. E. Anderson, though "at different times" he had done "consulting work for Mercury." He further testified that Mercury had no interest in the well and that he had never told plaintiff it did. Said oil refining company also introduced documentary evidence in the form of leases and assignments showing W. E. Anderson to be the lessee of the premises, and the contract he made with the Smiley & Little Drilling Company, that drilled the well for him, and the testimony of Edward D. Little, one of the partners in said drilling company, that the operations on said lease were conducted and paid for solely by W. E. Anderson.

Notwithstanding such proof, the trial court overruled the Mercury Company's motion for directed verdict, and thereafter, before submission to the jury, the cause was dismissed, on plaintiff's motion, against W. E. Anderson, who apparently had never been served with summons nor made any appearance in the case. From a verdict and judgment in favor of plaintiff against the Mercury Company, as sole defendant, the latter has perfected the present appeal.

 Of the arguments said defendant advances for reversal, it is necessary to consider only its contentions that, as it was never proved to have been connected in any way with the work or operations on the lease claimed to have resulted in plaintiff's damages, its motion for a directed verdict should have been sustained, and the verdict and judgment are without sufficient evidence to support them. Plaintiff's counsel contends that, by its verdict, the jury has determined said defendant's responsibility for their client's damages; and they place complete reliance upon the rules requiring that verdicts, and judgments in accord therewith, be upheld where there is any competent evidence reasonably tending to support them, and upholding trial court's denials of defendants' motions for directed verdicts where the evidence favorable to plaintiff, and the reasonable inferences to be drawn therefrom, would support a verdict in his favor. In this connection see Wentz v. Grimshaw, Okl., 271 P.2d 728, Hales v. Henry Black, Ltd., Okl., 264 P.2d 355, and other cases cited in 14 Oklahoma

Digest, Trial, Counsel fails, however, to point out any such evidence. They do point to their introduction in evidence of defendant's original answer as an "admission" that it "held" the oil and gas lease on the land; and the argument in the briefs largely concerns the admissibility but inconclusiveness, as to that alleged fact, of such evidence. On this and related matters see Edmonston v. Holder, 203 Okl. 189, 218 P.2d 905; Taylor v. Scott, 167 Okl. 588, 32 P.2d 48, and other cases cited in the foot notes to 20 Am.Jur., "Evidence", sec. 645, 1198, and the Annotations at 14 A.L.R. 22, 65, et seq., and 909 A.L.R. 1393, 1402. But assuming, without deciding, that such admission was sufficient evidence, as against the lease and its assignment showing W. E. Anderson to be the owner thereof, to establish the defendant oil refining company as the owner thereof, there is not one scintilla of competent evidence showing that said company, or any of its employees, contractors, partners, or any one else, having any connection with it at the time, did or caused to be done any of the acts complained of by plaintiff. Assuming, without deciding, that the jury might have reasonably inferred from plaintiff's testimony that there were trucks or motor vehicles on or around the "location when the well was drilled" that were owned by said defendant, or had its signs on them, that defendant, or some of its unnamed employees, had, or played, some part in the drilling or completion of the well, would it also have been justified in inferring, on the basis of this inference, that it or they constructed the road to the well across plaintiff's land, ruining the pecan trees complained about, and that they were responsible for leaving the land, after completion of the well, in the condition complained of, as against direct and positive evidence to the contrary? The obvious answer to this question is: "No." Such an inference upon an inference, is wholly unauthorized and unjustified both from the standpoint of the record and our long established rules of appellate review. Accordingly, in view of the total failure of the evidence to establish that the defendant was in any way responsible for the damages for which the trial court, in accord with the verdict, rendered judgment against it, said judgment is hereby reversed. And, in accord with American Federation of Smelter Workers, Federal Labor Union No. 21,538, v. Kyrk, 199 Okl. 464, 187 P.2d 239, and Bass Furniture & Carpet Co. v. Finley, 129 Okl. 40, 263 P. 130, the trial court is directed to set same aside and enter judgment for the defendant.

JOHNSON, C. J., and WELCH, CORN, HALLEY, JACKSON and HUNT, JJ., concur.

DAVISON, J., dissents.