**J. A. WADDLE, d/b/a Waddle Butane Company, Plaintiff in Error,**

v.

**Austin GAMMEL, Defendant in Error.**

No. 37268.

Supreme Court of Oklahoma.

Dec. 26, 1956.

against J. A. Waddle, d/b/a Waddle Butane Company, for property damages and personal injuries resulting from an explosion of a butane gas system on the premises of the plaintiff, which defendant had sold to and installed for the plaintiff at a residence and drive-in barbecue stand a few miles North of Eufaula. A nine-juror verdict was returned for the plaintiff in the sum of $5,000. Defendant has appealed from the judgment based thereon. We shall refer to the parties by name or as plaintiff and defendant as they appeared in the trial court.

J. A. Waddle operated a butane business in Okmulgee under the name of Waddle Butane Company where he sold butane equipment and accessories for its installation and use, and also maintained a subsidiary place of business in Eufaula at a filling station where he maintained a telephone, sold butane equipment and operated a truck for deliveries in that area. At the Eufaula station he kept a small stock of stoves and other equipment and also a truck driver and a salesman named Hershal Salters who was authorized to sell equipment and accessories, collect therefor and deposit the money in the bank, but was paid on a commission basis rather than a salary, as was the truck driver. The defendant also kept a set of plumbing tools at the Eufaula station.

In the early part of 1950, Mr. Salters sold to Austin Gammel a butane tank, pipe and other equipment and agreed that it would be installed as a "turn-key" job in a residence and drive-in stand to be operated by plaintiff a few miles North of Eufaula. J. A. Waddle employed a licensed plumber, O. M. Gannis of Okmulgee, to make the installation. It appears that the plumber installed the tank and pipes and capped the pipes but did not attach the equipment, such as stoves, hot plates and water heater. Gannis testified that he installed the tank and butane lines properly, tested them and made the required report to the office of the State Fire Marshal, whose representative approved the installation. It developed that such approval was not given be-

Steele & Boatman, Okmulgee, for plaintiff in error.

Hill & Nix, McAlester, for defendant in error.

HALLEY, Justice.

This action was filed in the District Court of McIntosh County by Austin Gammel

cause certain pipes were placed between outer and inner walls of the residence, but there was no complaint as to the installation in the barbecue drive-in.

There is evidence that Hershal Salters, who was not a plumber, made some connections of accessories to the pipes put in by the plumber. Some weeks after the installation Austin Gammel turned on the gas and lighted one of the burners the day before he was to open for business and found that there was a leak in the pipes in the drive-in. He notified Hershal Salters in Eufaula, who came out and in an effort to locate the trouble removed some boards to look under the drive-in floor. In order to see better, he struck a match which resulted in a violent explosion. Salters and Gammel were badly burned.

There is ample evidence to support the contention that the explosion occurred because of defective installation of a pipe or pipes in or under the drive-in. It is not denied that the plumber, Gannis, was the agent and employee of the defendant, and acting within the scope of his employment when he installed the equipment. It is not clear whether the leaking pipe was twisted with such force as to destroy the threads or break the pipe and allow the escape of butane, or whether the pipe was broken in moving the small-stand building and letting it down upon the pipe in such manner as to break it.

The defendant has raised three propositions in this appeal which are: (1) The trial court committed error in submitting the case to the jury. (2) The trial court erred in refusing to give defendant's requested instructions two and three, and erred in giving instructions seven and eight. (3) Error of the trial court in admitting certain testimony properly objected to by the defendant.

As to defendant's first proposition the only question to be answered is was there sufficient evidence of negligence on the defendant's part to go to the jury? We certainly think there was. The defendant, through his servant Gannis, installed the pipe or pipes for the butane under and in the drive-in. There was an explosion in which the plaintiff was injured. The defendant furnished the butane gas to be used by plaintiff. There was evidence that the pipe carrying the butane gas was improperly installed and was defective and was leaking. The explosion was the result of the defendant's agent lighting a match after removing boards to look under the floor where there was a gas pipe. To us, this evidence was sufficient to justify the trial court in overruling the defendant's demurrer to the plaintiff's evidence and his motion for directed verdict. We said in Wentz v. Grimshaw, Okl., 271 P.2d 728, that in an action at law triable to a jury that it was the duty of the trial court, when ruling upon a motion for directed verdict, to disregard all evidence unfavorable to plaintiff and give him benefit of all legitimate inferences, and where there is any evidence tending to support allegations of the petition which would justify a verdict in favor of plaintiff, it would be error for the court to direct a verdict for defendant.

The principal point urged by the defendant is as to the authority or agency of Hershal Salters. He was not a plumber and there is testimony to the effect that he had specific instructions to do no plumbing whatever. The negligence of the plumber in making a defective installation of the butane system and the striking of a match by Hershal Salters which set off the explosion would seem to be concurring acts of negligence, which resulted in the injuries complained of. The defendant Waddle admitted that if any one buying his butane equipment in that area had trouble that person could call the Eufaula station where Hershal Salters was stationed and could be reached.

It is only reasonable that one having trouble with such equipment would call the party from whom he bought it. It should be kept in mind that when Hershal Salters was called and went out to plaintiff's place, there is no evidence that he did anything except to make an effort to ascertain the source of the trouble. In this effort he struck a match and the explosion occurred.

■ While there is no evidence as to the meaning of a "turn-key" job as used in a contract to install a butane system, it must have been used in its ordinary sense, and meant that the Waddle Butane Company would make a complete installation, that is, one ready for use by the purchaser for the purposes for which it was intended. It must have imposed upon the seller the duty to so complete the installation that the purchaser could light the burners and enjoy the functions of heating the attached accessories without leaky pipes and the danger of an explosion.

Here the tank and pipes were installed by Gannis, the licensed plumber, under orders from the seller, J. A. Waddle, through his salesman, Hershal Salters. Just when and by whom the connections were made to the pipes is not clearly shown. Evidently Salters or Gannis, who was a plumber, made the connections of the pipes and the hot plate and other equipment. However, the leak of gas discovered by Gammel when he turned on the gas the day before his drive-in stand was to open, was not at any faulty connection with equipment, but the leak was in one of the pipes installed by Gannis, the licensed plumber, who was employed by J. A. Waddle to make the installation. He, Gannis, was the admitted agent of Waddle and acting within the scope of his employment when he made the installation of the tank and pipes.

It is disputed that Hershal Salters was acting within the scope of his employment and as agent for J. A. Waddle when he went out to determine the cause of the leaking butane reported to him by Gammel. We have carefully examined all of the evidence and have concluded that it was proper to submit to the jury the question of the agency of Hershal Salters because there is a conflict in the evidence as to this question. The faulty pipe was admitted but there is some conflict in the evidence as to who was responsible for its defective condition. The defendant claims that it was the fault of the plaintiff in moving the stand and letting it down upon the pipe without preparing an opening for the pipe. The plaintiff contends that the plumber who installed it was negligent in twisting the pipe with too much force and thereby destroyed the threads or cracked the pipe.

■ In Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235, 236, it is said in the first paragraph of the syllabus:

"On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury."

It is also held in that case above cited that the question of the proximate cause of an injury is a question to be determined by the jury where the evidence is conflicting.

J. A. Waddle permitted a set of plumbing tools to be kept in his Eufaula station and some equipment to be used by those who had butane gas installed. His evidence is to the effect that he had ordered Salters and his truck driver Parker at Eufaula to do no plumbing whatever. There is no evidence that Hershal Salters should not investigate trouble reported to him by customers to whom he had sold butane equipment.

■ As to defendant's second proposition, since we have concluded that the evidence justified the court in submitting the case to the jury, we think the court's instructions given fairly stated the law, and that refusal to give requested instructions two and three was not error. The principal objection to instructions seven and eight which were given is based upon the failure of the court to instruct the jury that it must find that Hershal Salters was acting within the scope of his authority when he struck a match and set off the explosion. We cannot agree with this contention because the evidence clearly shows that on that occasion Hershal Salters had responded to a report by a customer that there was a leak in the pipe or pipes of the butane system

564

sold by Salters and installed by the agent of J. A. Waddle. He was merely making an investigation to ascertain the trouble. He was not making any connections or doing any plumbing. There is no evidence of any intention to act outside the scope of his authority or employment. In Oklahoma Natural Gas Co. v. Appel, Okl., 266 P.2d 442, 443, it is said in the first and fifth paragraphs of the syllabus:

"Where there is more than one theory as to the cause of gas being permitted to pass through a certain channel or opening in gas pipe connections, and the different theories are supported by circumstantial evidence, the jury may then adopt such theory as in their judgment is the more plausible, and which is reasonably supported by the evidence."

"If the instructions taken together and considered as a whole fairly present the law applicable to the issues raised in the pleadings on which competent evidence has been introduced, they are sufficient."

Defendant's third proposition raises the question of improper admission of testimony. We find no error on this score except as to the admission of testimony as to plaintiff's expense due to his wife's nervous breakdown alleged to have been caused by plaintiff's injuries. There was no expert testimony that it was. We think that it was error to admit this item in the absence of expert testimony. A remittitur of $450, the amount said to have been spent on her hospitalization and additional help in the home, will have to be required.

This case will be affirmed if a remittitur of $450 is filed within ten days of the receipt of the mandate in this case; otherwise, the case is reversed for a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and CARLILE, JJ., concur.

WELCH and JACKSON, JJ., concur in result.