T. I. M. E., INC., Plaintiff in Error,

v.

LONG'S CARPET COMPANY, Defendant in Error.

No. 39978.

Supreme Court of Oklahoma.

Sept. 24, 1963.

William P. Huckin, Jr., Tulsa, for plaintiff in error.

John D. Harris, Tulsa, for defendant in error.

BLACKBIRD, Chief Justice.

This action involves a claim by defendant in error a dealer in carpets, hereinafter referred to as plaintiff, against plaintiff in error, operator of a truck line, hereinafter referred to as defendant, for damages to a carpet transported to plaintiff's store in one of defendant's trucks.

Defendant's transportation of the carpet, or roll of carpeting, originated at World Carpet Mills in Dalton, Georgia, from which plaintiff had ordered it (along with other rolls) for laying wall-to-wall in the home of plaintiff's customers, a Mr. and Mrs. Fred Drum. When defendant's truck unloaded the carpet at plaintiff's store in Tulsa, it was discovered that the roll in question had a hole in it, which penetrated the roll through five of its layers. Plaintiff thereupon lodged its claim with defendant for this damage to the carpet.

Defendant then sent its claim agent, Mr. Simons, to plaintiff's establishment to inspect the claimed damage. During said inspection, it was determined that a piece of the roll, 26 feet by 12 feet in area, and containing 34⅔ rds yards, was the portion that would be regarded as damaged, and this was noted on the inspection report Simons filled out and forwarded to defendant. On the report form, the following was also written in handwriting: "Claim based on 50% of dam____ge & Longs keeps the damage or complete roll because of special order." Thereafter, plaintiff used the damaged roll in carpeting the Drum home, and in a letter he thereafter wrote defendant on January 27, 1959, plaintiff's owner stated, among other things:

"* * * In your letter you state send original invoice. That we can not do but the copy was made by your own representative neither can we send sa____vage as this roll of carpet was a special order and was to be layed same day as arrival and our agreement with your own claim agent was that this would be based on 50%. We to keep sa____vage which we worked part in hallway and we destroyed balance. Your own claim agent was to call us back same day if this was not agreeable which he did not do. We shall expect your check for $95.28. * * *"

When defendant failed and/or refused to pay the above mentioned $95.28, plaintiff instituted the present action. The Amended And Supplemental Petition it filed in the Common Pleas Court, hereinafter referred to as the "trial court", represented its loss in terms of the above mentioned 34⅔ rds yards, and arrived at the $95.28 recovery

sought from defendant by multiplying that number by the $5.40 per yard the Mills charged for it, and then adding $3.40 as transportation cost, and reducing this total of $190.56 by 50%.

In its answer, defendant did not deny its responsibility for plaintiff's actual damages at the rate claimed, but denied that plaintiff actually suffered any loss by reason of the holes in the carpeting.

At the trial, the testimony of Jack Long, plaintiff's manager, tended to show that its usual practice was to sell, at cost plus $1.00 per yard, all remnants left from rolls of carpeting purchased for carpet-laying jobs like the one done at the Drum home, but that instead of being able to do that with the carpeting in question, it was necessary, because of the holes in it, to dispose of it at the salvage price of only $1.00 a yard, to a Mr. Lawrence, who dealt in materials for making brushes to use in painting underground pipelines. Long testified positively that the amount sold to Lawrence at that price was the piece measuring 12 by 26 feet. When plaintiff's witness and owner, C. C. Long, was asked if he had told the defendant, or one of its representatives, a Mr. McDonald, that the "salvage" part of the carpet in question could not be delivered to defendant because it had been used in the Drum home, he gave the following equivocal and rather ambiguous answer:

"A Yes, some of the damaged roll, but not the damaged carpet." A portion of the same witness's interrogation about the contents of his hereinbefore quoted letter of January 27, 1959, was as follows:

"Q * * * Did you make this statement to T. I. M. E. Freight Lines, that this particular piece of twelve by twenty-six foot carpeting, or any part of it, couldn't be turned back to them or examined by them because 'We worked part in the hallway and we destroyed the balance?' Did you ever make that statement?

"A In a way, I did. May I explain why?"

Just before the close of the trial, the court admitted in evidence the letter referred to, and, despite the indication therein that part of the 34⅔rds yards in question was used in the Drums' hallway, and presumably paid for by them at the contract rate, the court sustained a motion interposed by plaintiff, for a directed verdict, and, when such verdict was returned, entered judgment accordingly. After the overruling of its motion for a new trial, defendant perfected the present appeal.

■■ · For reversal, defendant maintains that the trial court erred in sustaining plaintiff's motion for a directed verdict. We agree. In Hales v. Henry Black, Limited, Okl., 264 P.2d 355, we held:

"1. For the purposes of a motion by plaintiff for directed verdict it must be assumed that defendant's evidence is true, and the trial court should not direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies; to do so constitutes reversible error."

And it is well settled that in considering such a motion, not only defendant's evidence, but all inferences that may be reasonably drawn therefrom, are accepted as true. Hannah v. Parrish, Okl., 317 P.2d 745. In Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330, 334, we recognized that if reasonable men might differ in their conclusions from the evidence and the inferences to be drawn therefrom, then the court should overrule such a motion. See also the second paragraph of the syllabus in Morain v. Lollis, Okl., 371 P.2d 473. In the present case, it is our opinion that upon its consideration, in the light of the rules above quoted and referred to, the evidence in the present case was such as to create a question in the minds of reasonable men as to whether or not plaintiff suffered any loss on some of the 34⅔rds yards of carpet it claims to have been damaged, and that, if such question had been properly submitted to the jury, as fact finders, they might well have arrived at conflicting conclusions on that issue.

In accord with the foregoing, we hold that the trial court erred sustaining plaintiff's motion for a directed verdict, and for that reason he should have sustained defendant's motion for a new trial. His order and judgment overruling said motion is therefore reversed and this cause is remanded to the trial court with directions to sustain said motion and grant a new trial.