SANDLIN OIL SERVICE, INC., a Corporation, Plaintiff in Error,

v.

Robert D. DULL, Defendant in Error.

No. 40594.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Rehearing Denied Feb. 2, 1965.

Roper & Roper, Oklahoma City, for plaintiff in error.

Robert G. Grove and W. M. Cloud, Jr., of Grove, Winters & Cloud, Oklahoma City, for defendant in error.

BLACKBIRD, Chief Justice.

Defendant in error, a former "relief" or "part-time", service station attendant for plaintiff in error, commenced this action as plaintiff in September, 1962, to recover against plaintiff in error, hereinafter referred to as defendant, the sum of $68.00, which, in his amended petition, he alleged that said defendant had withheld from his wages without his consent, at the time it discharged him in August, of that same year. In said pleading, plaintiff also alleged in substance that his hourly wage rate was $1.00, that his employment by defendant was from April 1st, to August 17th, 1962, and, in addition to said sum of $68.00, he prayed for 10% of that amount as the damages allegedly prescribed by Tit. 40 O.S.1961 § 165.3.

In its answer, defendant admitted its employment of plaintiff during the period from May 28th to August 17th, 1962, but alleged, in substance, that at the time he was employed, he entered into a written agreement, a copy of which was attached to the answer as "EXHIBIT 1", authorizing defendant to make deductions for "shortages" pursuant thereto. Defendant further alleged that plaintiff was paid in full for all the service he had rendered, less such deductions, and that he accepted the sums paid him "in full payment". Said "EXHIBIT" is in words and figures as follows:

"A G R E E M E N T

"I Robert D. Dull, understand that in the event of any shortages in gasoline, oil, cash, reports, or any accessories; on my shift, I am responsible. I am also responsible for any credit cards I fill out incorrectly, such as insufficient address, no signature on the card, or lack of information on the card. It is with

my consent that any loss to the company for which I am responsible may be with-held from my salary, or must be made up as specified by the company. I am signing this of my own free will.

Robert D. Dull"

Plaintiff's amended reply consisted of a general denial of all of the defendant's allegations inconsistent with his own, and a specific denial of defendant's allegation of his agreement authorizing the withholding of earnings, plus a special plea that the "purported written agreement", referred to in defendant's answer, was invalid and unenforceable as contrary to law.

At the trial of the cause before a jury, defendant both demurred to plaintiff's evidence, at the close thereof, and later, after defendant's evidence had been introduced, moved for a directed verdict. The trial judge overruled both the demurrer and the motion, and submitted the cause to the jury under nine consecutively numbered instructions, two of which defendant objected to. At the close of the jury's deliberations, a verdict was returned for plaintiff in the total sum he prayed for, $74.80. Into the judgment thereafter entered, the trial judge incorporated said verdict, and allowed plaintiff an additional $150.00 as a reasonable fee for his attorney. After the overruling of its motion for a new trial, defendant perfected the present appeal.

Defendant argues many assignments of error, but we find it necessary to deal with only a few. The latter are, in substance, that the trial court erred in overruling its motion for a directed verdict and in authorizing the jury, by giving its instructions numbered 6 and 8, to return an excessive verdict.

■ In some of defendant's arguments in support of its position that the verdict should have been directed in its favor, it emphasizes that the amounts shown, by the evidence, to have been deducted as "shortages", (purportedly authorized under the "agreement" evidenced by EXHIBIT 1, supra) from the checks it delivered to, and paid, plaintiff as

wages, totalled only $30.92, and that $9.73 of that total deduction was for gasoline plaintiff had purchased. Defendant's conclusion is that the largest verdict possible (according to undisputed proof) was less than one half of the amount of the verdict; but this by no means demonstrates that the defendant should have been relieved of all liability, by a directed verdict and/or judgment in its favor. If the trial judge was not warranted in concluding, from the evidence, that all reasonable men would agree that defendant's deductions of the $30.92 was legally authorized, then he committed no error in refusing defendant's motion to, in effect, instruct the jury that defendant was not liable to plaintiff in any amount. See T. I. M. E., Inc. v. Long's Carpet Co., Okl., 385 P.2d 456, 458, citing Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330, 334.

■ The issue as to plaintiff's authorization of the major part of these deductions hinges upon whether or not he signed the hereinbefore quoted "Agreement". He testified positively that he did not. Defendant's evidence did not refute this. Its witness, Mrs. George (Colleen) White, a director and treasurer of the defendant company, testified that she did not know, of her own personal knowledge, whether plaintiff signed the agreement, or not. It will therefore be seen that the trial court's overruling of defendant's motion for a directed verdict, was not error.

■ Defendant is correct, however, in its position that the trial court erroneously instructed the jury. In his Instruction No. 6, the trial judge quoted verbatim the provisions of section 165.3, supra. Subsection (a) of this section provides: "Whenever an employer discharges an employee, the employer shall pay the employee's wages in full at the time of discharge." Subsection (d) of the same section, provides, in part as follows:

"If the employer fails to pay an employee wages as required under subsection[s] (a) * * * (etc.) of this section, such employer shall be additionally liable to the employee for liquidated

damages in the amount of ten per centum (10%) of the unpaid wages for each year upon which such failure shall continue after the day upon which payment is required; * * *."

As hereinbefore noted, much less than one year elapsed between the time plaintiff was due any wages from defendant, and the commencement of this action. Therefore, under the plain wording of the statute, plaintiff could not have been entitled to the 10% damages he sued for; yet, in the court's instruction No. 8, the jury was authorized to return its verdict for that amount, in addition to the amount of allegedly unpaid wages "sued for", in the following words of said instruction:

"* * *

"Should you find by a preponderance of the evidence for the plaintiff, herein, you will fix the amount of plaintiff's recovery at such sum, if any, as you find to be due and owing to plaintiff, not to exceed the amount sued for, $68.00, in addition to any amount you find due plaintiff in the amount of ten per cent of any amount you so find due and unpaid. * * *."

The only total sum the evidence shows defendant deducted from wages it paid plaintiff, was $30.92; and $9.93 of this was to pay for gasoline he had undeniably purchased from defendant on credit. (He made no claim that defendant should not have withheld this $9.93 from his pay). While it is true that some of plaintiff's testimony was to the effect that he earned $68.00 more than he had been paid, or the difference between the "close to $300.00", he stated he "would say" he earned in defendant's employment, and the $183.00 he thought it had paid him, he further testified, under examination by his own counsel, concerning the checks by which defendant had made wage payments to him, as shown by the following excerpt from the record:

"Q * * *, did you accept these checks as being full payment?

*    *    *    *    *    *

"A * * * Except for the shortages that were withheld from them. * *."

Thus, if plaintiff is to be taken at his word, the only amount in dispute in this action was the total of the various amounts defendant was shown to have withheld from its wage payments to him, on account of "shortages" (which deductions it claimed were authorized under the hereinbefore quoted "Agreement"). There is no evidence specifying any such total, except that which indicates the sum of $20.99.

In view of the foregoing, the trial court's instructions to the jury should have limited plaintiff's possible, total, recovery to $20.99, rather than authorizing his recovery, as did instructions numbered 6 and 8, of the total amount of alleged unpaid wages and damages he sued for.

As the trial court should have sustained defendant's motion for a new trial on account of these errors in instructions alone, we find it unnecessary to discuss other claimed errors that will probably not occur at a new trial of the case.

In accord with the foregoing, the judgment of the trial court is hereby reversed and this cause is remanded to said court with directions to grant a new trial, unless within ten days from the date the mandate of this court is filed in said court, plaintiff files a remittitur there in the amount of $53.81, in which event the judgment herein appealed from will stand affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.